**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Conrad John GONZALEZ,**
**Defendant–Appellant.**

**No. 00–1507.**

United States Court of Appeals,
Sixth Circuit.

Oct. 10, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Conrad John Gonzalez pleaded guilty to a one-count indictment charging him with unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Having determined that Gonzalez's six prior armed robbery convictions were "not related" under U.S.S.G. § 4A1.2(a)(2), the district court classified Gonzalez as a career offender under U.S.S.G. § 4B1.1, giving him a total offense level of 29 with a criminal history category of VI and putting him in a guideline range of 151 to 188 months imprisonment. Gonzalez was sentenced to 151 months imprisonment followed by a three-year term of supervised release, a $2,500 fine, and a $100 special assessment. Gonzalez appeals his sentence on the ground that the district court erred in determining that his prior convictions were "not related" under § 4A1.2(a)(2).

## BACKGROUND

In May 1992, Gonzalez committed six armed robberies in Chicago, Illinois. On May 1, Gonzalez robbed an Always Open store of $70 using a firearm, which he later claimed to be a "starter pistol." On May 3, he robbed another Always Open store, displaying the starter pistol and taking $200; later that day, he robbed a North Hen Food store, displaying the starter pistol and taking an unspecified amount of money from the cash register. On May 5, he robbed a Tastee Donuts store, displaying the starter pistol and again taking an unspecified amount of money out of the cash register. On May 13, he robbed a White Hen Food store, displaying the starter pistol and taking $59; later that day, he robbed another Always Open store, displaying the starter pistol and taking $120 and 1,500 instant lottery tickets.

Gonzalez was convicted of armed robbery in Cook County Circuit Court and sentenced to a term of fourteen years imprisonment for each offense. He served his sentences concurrently and was paroled in November 1998. In August 1999, Gonzalez was arrested for receiving and concealing stolen property. He was convicted and sentenced to ninety-three days custody. On November 3, 1999, Gonzalez was released from custody, and on November 10, 1999, he committed the present offense.

Gonzalez claims that all six robberies were part of a drug-induced crime spree that occurred over a two-week period. Gonzalez claims that he used the same starter pistol in each of the robberies and that all of the robberies occurred at convenience stores in a small, discrete section of Chicago. On appeal, Gonzalez argues that his six prior armed robberies "were part of a single common scheme or plan," as contemplated by Application Note 3 to U.S.S.G. § 4A1.2, and therefore should have been treated as one prior felony conviction. Had the district court so found, Gonzalez argues, he would not have fit the

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

definition of a "career offender" under U.S.S.G. § 4B1.1. Accordingly, he would have had a total offense level of 21 with a criminal history category of IV, putting him in a guideline range of 51 to 71 months imprisonment.

## DISCUSSION

### Standard of Review

In *United States v. Irons*, 196 F.3d 634 (6th Cir.1999), we held that the meaning of the phrase "single common scheme or plan" is a legal issue to be reviewed de novo, while the district court's factual determination of whether prior offenses are related by virtue of being part of a single common scheme or plan is reviewed for clear error. *See id.* at 638 (citing *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996); *United States v. McAdams*, 25 F.3d 370, 372 (6th Cir.1994)). The Supreme Court recently clarified our standard of review in *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), holding that the reviewing court not only must accept findings of fact unless clearly erroneous, but also must give due deference to the district court's application of the guidelines to the facts. *See id.*, 532 U.S. 59, 121 S.Ct. at 1279 (citing 18 U.S.C. § 3742(e)). Furthermore, the defendant bears the burden of proving that the prior convictions at issue were part of a single common scheme or plan. *See Irons*, 196 F.3d at 638 (citing *Cowart*, 90 F.3d at 159).

### Analysis

Under U.S.S.G. § 4B1.1:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (1998). As a career offender, a defendant is subject to a radically enhanced sentence. Here, there is no question that the first and second prongs of § 4B1.1 are met; the sole issue is whether, under the third prong, Gonzalez's prior violent felonies may be deemed to have resulted in two prior convictions.

The commentary to § 4B1.1 provides that the phrase "two prior felony convictions" is defined in U.S.S.G. § 4B1.2. *See* U.S.S.G. § 4B1.1, comment. (n. 1). The commentary to § 4B1.2, in turn, refers the reader to § 4A1.2, which states, "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). The commentary to § 4A1.2 states:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n. 3).

Here, Gonzalez concedes that his six prior armed robberies did not result from offenses that "occurred on the same occasion" as contemplated by subsection (A) and were never "consolidated for trial or sentencing" as contemplated by subsection (C). Rather, Gonzalez relies entirely on subsection (B) to Application Note 3 of the commentary to § 4A1.2, arguing that a

determination of whether he properly was sentenced as a career offender depends on whether his six prior armed robberies were actually "part of a single common scheme or plan."

We addressed this very issue in *Cowart*, where the defendant had been convicted of robbing three different banks in Texas-one on March 30, 1983, another on July 5, 1983, and the third on August 17, 1983. *See Cowart*, 90 F.3d at 154. These crimes shared a similar *modus operandi:* On each occasion, Cowart drove up to the bank's drive-through facility, presented a note to the tellers demanding money, and displayed a fake bomb. Cowart was tried separately for each of these offenses but was sentenced simultaneously following guilty pleas. Cowart argued that because he used the same basic *modus operandi,* the crimes were part of a "single common scheme or plan." Noting that the guidelines do not define the expression, "common scheme or plan," we rejected Cowart's argument:

> It is beyond question that the simple sharing of a modus operandi cannot alone convert three separate bank robberies on three different dates of three different banks into one offense by virtue of their being a single common scheme or plan. Indeed, the majority of circuits that have addressed the question would not even take the similarity into account. The defendant offers no other justification, other than the similarity of the crimes, for why the three crimes should be treated as related.

*Id.* at 159, 160.

We revisited the issue of relatedness in *Irons,* where the defendant's prior convictions involved his violation of a temporary protection order, which had been issued for his ex-girlfriend. *See Irons,* 196 F.3d at 634. Irons violated the order on June 19, 1996, and less than two weeks later, he was arrested again for breaking and entering his ex-girlfriend's residence, petty theft, and criminal damaging *See id.* at 638. Irons argued that the offenses were part of a "single common scheme or plan" because they (1) had a common victim, (2) had a similar purpose of harassment of that victim, (3) occurred within a short time period at the same geographic location, and (4) were both investigated by the same township police department. *See id.* The district court held that Irons's two prior offenses were not "related" within the meaning of § 4A1.2, and we affirmed. We characterized Irons's argument as being that the offenses were related because they were part of the same "crime spree." *See id.* The *Irons* Court went on to explain:

> In deciding whether prior offenses are part of a "single common scheme or plan," ... we find that "'scheme' and 'plan' are words of intention, implying that [offenses] have been jointly planned, or at least that ... the commission of one would entail the commission of the other as well."
>
> . . . .
>
> [P]rior convictions are not "related" merely because they are part of a crime spree. As the court in *United States v. Gelzer,* 50 F.3d 1133, 1143 (2d Cir.1995) stated, "We are not persuaded that the Commission intended criminal behavior prompted by the same root causes of criminal deviance, even a spree of such crimes, to constitute a 'single common scheme or plan' as contemplated by § 4A1.2."
>
> . . . .
>
> Although defendant's purpose to harass his former girlfriend may have been similar, courts have consistently held that crimes are not "related" merely because each was committed with the same purpose or common goal.

*Id.* at 638–39 (citations omitted). *Irons* further noted that simply because the defendant's prior convictions involved the same victim did not make the crimes "related." *See id.* at 639.

Here, Gonzalez advances the following in support of his argument that his prior convictions were "related" within the meaning of § 4A1.2:

> Mr. Gonzalez's six armed robberies were all of a piece. His drug addiction led inexorably to the robbery scheme, which merely involved the systematic robbery of business establishments at which cash was readily available. In this sense, the commission of each individual robbery necessarily entailed each other robbery. This basic fact was reflected by the willingness of local authorities to concede that the sentences for all six of the robberies, which were simultaneously imposed, should all be served concurrently.

*Cowart* and *Irons* make clear, however, that Gonzalez's "crime spree" of robbing convenience stores in May 1983 did not constitute a "single common scheme or plan." *See also United States v. Brown,* 209 F.3d 1020, 1024 (7th Cir.2000) (holding that prior convictions are not "related" simply because the crimes used the same modus operandi, were part of a crime spree, or were motivated by the need to support a drug habit); *United States v. Robinson,* 187 F.3d 516, 519 (5th Cir.1999) (same); *United States v. Keller,* 58 F.3d 884, 894–95 (2d Cir.1995) (holding that two armed robberies four days apart were not "related"). Gonzalez also asserts that the Supreme Court's decision in *Buford* somehow limits *Cowart* and *Irons,* changing the landscape of our analysis of "relatedness" under § 4A1.2. He points to nothing in *Buford,* however, that calls our earlier rulings into question.

CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.