*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0026P (6th Cir.)
File Name: 04a0026p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-5668

GREGORY STEVEN HORN,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00142—Thomas A. Wiseman, Jr., District Judge.

Argued: September 16, 2003

Decided and Filed: January 20, 2004

Before: SILER, BATCHELDER, and COOK, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Hugh M. Mundy, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. William Cohen, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** C. Douglas Thoresen, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant.

William Cohen, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Circuit Judge. Defendant-appellant Gregory Steven Horn appeals the sentence imposed following his conviction on one count of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Horn contends only that the district court erred in sentencing him as a career criminal under USSG § 4B1.1. In particular, Horn argues that his prior felony convictions for robbery were related offenses under Section 4B1.1, and that they therefore should not have been counted as separate offenses for purposes of career offender enhancement. Because we find that defendant's prior felony convictions were not related offenses under Section 4B1.1, we will **AFFIRM** the district court.

**I.**

Gregory Steven Horn pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(d) after robbing the SunTrust Bank in Nashville, Tennessee. Horn filed objections to the Presentence Report, objecting among other things, to the Report's recommendations that his two prior armed robbery convictions should be considered separate offenses for purposes of calculating his sentence, and that he should be sentenced as a career offender. Horn argued that these prior offenses had been effectively consolidated for sentencing by the state court, and that they were part of a common scheme or plan.

The first of the prior convictions was for the armed robbery of the manager of a Giant Food Store in Anne Arundel County, Maryland, on January 6, 1998. Horn, accompanied by an accomplice, approached the manager in the store

parking lot, shoved a handgun into the manager's ribs and threatened to shoot him. The manager gave the robbers his car keys and his wallet containing credit cards. The second conviction was for an armed robbery which occurred on January 26, 1998, in the parking lot of a different grocery store in another town in Anne Arundel County, Maryland. During the latter robbery, the defendant, this time acting alone, robbed a different victim of cash, several credit cards, and his driver's license. The defendant once again used a handgun in commission of the robbery. On January 27, 1998, Horn attempted to rob a third person, who was able to identify part of the license tag on Horn's vehicle. He was arrested later that day for having stolen tags, and on March 19, 1998, he was charged in a multi-count information with, among other theft offenses, the January 6, 1998 robbery. On March 23, 1998, he was charged in another multi-count information with the January 27, 1998, robbery and attempted robbery. Horn made his initial appearance in state court as to each information on March 30, 1998, and waived his right to a preliminary hearing in each case. The cases were set for the same trial date, and Horn was represented by the same counsel in both. On June 16, 1998, he entered guilty pleas to both of the robbery charges and to the attempted robbery charge, and on September 11, 1998, he was sentenced for each of these offenses. The cases were docketed separately, however, and no order was entered by the court to consolidate the cases for either trial or sentencing.

In the present case, the district judge overruled Horn's objections to the Presentence Report and adopted the findings and calculations contained in it. The court held that the two prior state court robbery convictions were not related cases as that term is defined in USSG § 4A1.2, and that Horn is a career offender under USSG § 4B1.1. The district court sentenced him to 204 months' incarceration, to run concurrently with a State of Maryland sentence that he was obligated to fulfill. The only question presented upon appeal is whether the district court erred in counting Horn's prior

robbery convictions as separate offenses and sentencing Horn as a career criminal under USSG § 4B1.1.

## II.

Horn contends that his prior felony convictions for robbery were related offenses under Section 4B1.1, and that they therefore should not have been counted as separate offenses for the purpose of career offender enhancement. If the offenses are treated as related, Horn's total offense level would be 26, rather than 31, the level that the district court used in sentencing him to 204 months' incarceration. The government concedes that this Court has jurisdiction over this appeal.

In reviewing a sentence imposed under the Sentencing Guidelines, we are required by statute to "accept the findings of fact of the district court unless they are clearly erroneous and [to] give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). This deferential standard applies at least to the first aspect of the question of relatedness before us here: whether the district court erred in determining that Horn's prior offenses were not "effectively consolidated" and are therefore not "related cases" as that term is defined for purposes of determining career offender status under USSG § 4B1.1. *See Buford v. United States*, 532 U.S. 59, 66 (2001) (holding that "in light of the fact-bound nature of the legal decision," deferential rather than de novo review was appropriate for the district court's determination that particular prior convictions are separate and not "functionally consolidated").

Whether *Buford*'s deferential standard applies to all aspects of the relatedness question is not clear in this circuit. In *United States v. Carter*, for example, citing pre-*Buford* cases and mentioning neither *Buford* nor the statutory standard of review set out in 18 U.S.C. § 3742(e), we held that in reviewing the district court's decision that prior offenses were not part of a common scheme or plan, we review the

sentencing court's findings of fact for clear error and its application of the guidelines de novo. *United States v. Carter*, 283 F.3d 755, 757 (6th Cir. 2002). On the other hand, we have held that *Buford* has a much broader and more general application. In *United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002), we reviewed the reasoning of *Buford*, and concluded that the district court's application of USSG § 3C1.1 is to be reviewed deferentially because, like the determination of whether felony convictions are "related," the determination of whether particular conduct constituted obstruction of justice is a fact-bound decision in which "'factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details.'" *Jackson-Randolph*, 282 F.3d at 389 (quoting *Buford*, 532 U.S. at 65). We noted further that like the determination at issue in *Buford*, the question of whether particular conduct constitutes obstruction of justice is a matter within the special competence of district court judges and the conclusion reached on the matter has little precedential value because of the case-specific and fact-bound circumstances. *Id.* at 389-90. Accordingly, we concluded, "the clear error standard is also appropriate for reviewing sentencing decisions under § 3C1.1 where the sole issue before the district court is a fact-bound application of the guideline provisions." *Id.* at 390. *See also United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003) (holding that the district court's application of the guidelines to the facts should not be disturbed unless clearly erroneous); *United States v. Lang*, 333 F.3d 678, 682 (6th Cir. 2003) (holding that we review under the "clearly erroneous" standard the district court's application of USSG § 3B1.3 where the application is fact-bound); *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir. 2001) (noting that *Buford* "suggests that our standard of review even with regard to these questions of law should instead be deferential," and holding, in light of the analysis in *United States v. Hardin*, 248 F.3d 489, 495 (6th Cir. 2001), that the district court's application of USSG § 2K2.1 is to be reviewed deferentially); *United States v. Hardin*, 248 F.3d 489, 495 (6th Cir. 2001) (opining,

but not deciding, that *Buford*'s deferential standard would apply to review of the district court's application of USSG § 2K2.1(b)(5)). In light of the reasoning of *Buford* and the ensuing case law in this circuit, we are satisfied that we must review deferentially, that is, for clear error, the entirety of the district court's determination that Horn's prior robbery convictions were not related.

Under USSG § 4A1.2, "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." USSG § 4A1.2, cmt. n.3. Although conceding that no formal order of consolidation was entered by the state court hearing those cases, Horn first argues that the two prior armed robbery convictions were "effectively consolidated," because he was arrested and charged with the robberies at the same time; he made an initial appearance as to both offenses at the same time; the cases were set for trial on the same date; the same counsel represented defendant as to both offenses; a guilty plea was entered for each offense on the same day; and defendant was sentenced for both offenses on the same day with sentences to run concurrently.

At oral argument of this case, Horn urged upon us the proposition that this Court has never explicitly held that prior offenses must be formally consolidated in order that they may be found to be related for purposes of USSG § 4A1.2, and therefore, no formal order of consolidation is required for such a finding. Defendant's reliance on this lacuna is misplaced. We have stated several times that "cases are not consolidated when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation." *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir 1994); *United States v. Coleman*, 964 F.2d 564, 567 (6th Cir. 1992). "The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that [the cases] were in fact consolidated." *Carter*, 283 F.3d at 758;

*Coleman*, 964 F.2d at 566. Those cases make it clear that we require some explicit indication that the trial court intended to consolidate the prior convictions. In each of those cases, there was no order from the trial court consolidating the earlier offenses, nor was there any statement by the trial court implying they should be considered consolidated. We hold that the contemporaneous treatment of Horn's state court robbery offenses notwithstanding, the district court correctly held that Horn was charged with, tried for, and convicted of separate unrelated offenses.

Horn next argues that the prior offenses arose from a single common scheme or plan. He argues that both robberies were motivated by his addiction to drugs; that his modus operandi in both cases was almost identical; and that the robberies occurred less than three weeks apart. The defendant bears the burden of proving the two prior felony convictions were part of a single common plan or scheme. *United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999); *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir. 1996). Horn has failed to meet this burden. In *Irons*, we held that crimes are part of the same scheme or plan only if the offenses are jointly planned, or, at a minimum, the commission of one offense necessarily requires the commission of the other. *Irons*, 196 F.3d at 638; *see also Carter*, 283 F.3d at 758; *United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992) (finding the words "scheme" and "plan" to be words of intention, "implying that [offenses] have been jointly planned, or at least that . . . the commission of one would entail the commission of the other as well"). "It is beyond question that the simple sharing of a modus operandi cannot alone convert [separate offenses] into one offense by virtue of their being a single common scheme or plan." *Cowart*, 90 F.3d at 160; *see also United States v. Brown*, 209 F.3d 1020, 1024 (7th Cir. 2000) ("merely similar, seriatim robberies fall short of qualifying as a 'single common scheme or plan'"). This Court has further held that merely because crimes are part of a crime spree does not mean that they are related. *Irons*, 196 F.3d at 638; *Carter*, 283 F.3d at 758. Nor are such offenses related because they

were committed to achieve a similar objective, such as the support of a drug habit. *See United States v. Gonzales*, 21 Fed. Appx. 393, 397 (6th Cir. 2001) (citing *Brown*, 209 F.3d at 1024) (holding that prior convictions are not "related" simply because the crimes used the same modus operandi, were part of a crime spree, or were motivated by the need to support a drug habit)).

Finally, offenses are not necessarily related merely because they were committed within a short period of time. In *United States v. Oldham*, 13 Fed. Appx. 221, 226-27 (6th Cir. 2001), we affirmed a district court's sentencing a defendant as a career offender based upon the defendant's two convictions for burglarizing—with the same accomplice—houses in two Kentucky counties within hours of each other. We held that the crimes "did not take place on the 'same occasion' because they occurred at different times, in different locations, and were committed against different victims." *Id.* at 227. Similarly, we held in *United States v. Gonzales* that six armed robberies of convenience stores within a two-week period—which were part of a "drug-induced crime spree" and involved the use of the same starter pistol—were not related. *Gonzales*, 21 Fed. Appx. at 394-99. Other circuits that have considered this issue have reached similar conclusions. *See United States v. Mapp*, 170 F.3d 328, 339 (2d Cir. 1999) (finding no error in district court's conclusion that two robberies, committed on consecutive days and against different victims, were not related); *United States v. Keller*, 58 F.3d 884, 894-95 (2d Cir. 1995) (affirming a district court's finding that defendant's attempts to commit robberies, four days apart, at different locations and involving different victims, were not related); *Brown*, 209 F.3d at 1024 (finding three armed robberies of stores within a two month period not related); *United States v. Brown*, 962 F.2d 560, 564-65 (7th Cir. 1992) (finding two bank robberies committed eight days apart not related).

The crimes at issue in the present case were committed weeks apart at different locations; the offenses involved

different victims; and the defendant had an accomplice in the first offense but not the second. There is no evidence, nor does appellant even allege, that the two armed robberies were jointly planned or that the commission of the first robbery entailed the commission of the second. Accordingly, the district court did not err in finding that these two robberies were not part of a common scheme or plan.

## CONCLUSION

Because the district court did not err in holding that Horn's state court robbery convictions were not related as that term is defined in USSG § 4A1.2, and therefore did not err in holding that Horn was a career offender under USSG § 4B1.1, we **AFFIRM** the judgment of the district court.