**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jasmine CLARK, also known
as Jasmine Hendricks,
Defendant–Appellant.**

No.  03–5920.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

R. Dee Hobbs, Bell & Hobbs, Chattanooga, TN, for Defendant–Appellant.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

*ORDER*

Jasmine Clark appeals her sentence of 188 months of imprisonment imposed following her conviction for distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). The parties have expressly waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 31, 2003, Clark pleaded guilty to one count of distribution of cocaine base. Clark was sentenced as a career offender to 188 months of imprisonment. This timely appeal followed.

On appeal, Clark contends that the district court improperly sentenced her as a career offender because, although she was convicted of four prior state felony drug offenses as a result of three separate indictments, she was sentenced in a single court appearance while she was represented by the same attorney. In addition, Clark suggests that the determination of whether prior offenses are "related" pursuant to USSG § 4A1.2(a)(2) may violate due process principles. The government responds that the district court did not err in sentencing Clark as a career offender and that Clark's due process contention lacks merit.

Generally, Clark is a career offender if she committed the instant felony offense when she was at least eighteen years old and had at least two prior felony drug offenses. *See* USSG § 4B1.1. For purposes of § 4B1.1, prior offenses count separately if the sentences imposed for the crimes are not "related" as defined under USSG § 4A1.1. *See* USSG 4.B1.2(c). Prior offenses are "related" if they: (A) occurred on the same occasion; (B) were part of a single scheme or plan; or (C) were consolidated for trial or sentencing. USSG § 4A1.2, comment. (n.3); *United States v. Horn*, 355 F.3d 610, 613 (6th Cir.2004). Prior offenses are not "related" if they are separated by an intervening arrest. USSG § 4A1.2, comment, (n.3). This court reviews only for clear error a district court's fact-bound determination of wheth-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

er prior criminal offenses are "related" for purposes of USSG §§ 4A1.2 & 4B1.1. *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *Horn,* 355 F.3d at 612–13.

Here, the district court did not commit clear error in determining that Clark had at least two prior felony drug convictions when she committed the instant drug trafficking offense. Essentially, it is undisputed that Clark pleaded guilty in 1998 to four state felony drug offenses committed on different dates in October and November of 1997. Clark was charged with the offenses in three separate indictments, but pleaded guilty to all of the offenses at a single court appearance, at which she was represented by the same attorney. The cases were not formally consolidated for sentencing, but the record reflects that Clark was sentenced to two concurrent terms of ten years of imprisonment and two concurrent terms of five years of imprisonment. Clark concedes that her offenses were separated by intervening arrests.

Under these circumstances, the district court did not clearly err in sentencing Clark as a career offender. The district court correctly concluded that Clark's prior felony drug offenses are not "related" because they were separated by intervening arrests. *See* USSG § 4A1.2, comment. (n.3). Moreover, Clark's prior offenses otherwise are not "related" pursuant to this court's prior precedent, which Clark at least tacitly concedes on appeal by inviting this court to revisit the question. *See Horn,* 355 F.3d at 613–15; *United States v. Carter,* 283 F.3d 755, 757–58 (6th Cir. 2002); *United States v. Irons,* 196 F.3d 634, 637–38 (6th Cir.1999). The government correctly notes that a panel of this court cannot revisit the question absent inconsistent Supreme Court or en banc precedent. *See Banks v. City of Whitehall,* 344 F.3d 550, 553–54 (6th Cir.2003).

In any event, the district court did not clearly err in sentencing Clark as a career offender.

Finally, the government also correctly notes that Clark's due process contention lacks merit. This court has suggested that USSG § 4A1.2(a)(2), with the applicable commentary, created the potential for unwarranted wide disparity in the treatment of prior offenses based on factors unrelated to the offenses themselves. *See Carter,* 283 F.3d at 758–59. However, this court also noted that the United States Sentencing Commission had added USSG § 4A1.2(a)(2), comment. (n.3), which applies in this case, to avoid unwarranted disparity in the application of the guideline. *Id.* at 760 n. 7. Under these circumstances, Clark's due process claim lacks merit.

For the foregoing reasons, the district court's judgment is affirmed.