NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0836n.06
Filed: November 15, 2006

No. 05-2635

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DEBORAH DENISA TUCKER, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: KENNEDY and GIBBONS, Circuit Judges; ALDRICH, District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.** In this appeal of her sentence for possessing a firearm subsequent to a felony conviction in violation of 18 U.S.C. § 922(g)(1), defendant-appellant, Deborah Denisa Tucker, challenges the district court's refusal to treat two 1990 robbery convictions as "related cases" for the purpose of calculating her criminal history score under the United States Sentencing Guidelines ("U.S.S.G."). Because any error on the part of the district court was harmless, we affirm.

**I.**

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

On March 17, 2005, a grand jury empaneled in the Western District of Michigan returned an indictment alleging that Tucker, a convicted felon, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1). On July 18, 2005, Tucker appeared before a United States Magistrate Judge for a plea hearing. Following the hearing, the magistrate judge issued a report and recommendation to the district court, finding that Tucker was competent to enter a plea and offered her plea voluntarily and recommending that the district court adjudicate Tucker guilty of the crime charged. By written order, the district court adopted the report and recommendation of the magistrate.

Following Tucker's guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR") based on the 2004 Guidelines manual. The PSR accorded Tucker a total offense level of 21.[1] In addition, Tucker received 12 points for her lengthy criminal history, placing her in criminal history category V. Among the offenses contributing to Tucker's criminal history score were two 1990 state court convictions for unarmed and armed robbery occurring on January 20 and January 21 respectively. In both, Tucker served as the driver of a getaway vehicle while her co-defendant robbed, first, a Little Caesar's Pizza, and, approximately seven hours later, a Family Food Store, both in Kalamazoo, Michigan.[2] She received three points for each conviction.

Tucker objected in writing and at her sentencing hearing to the treatment of the two 1990 robbery convictions as separate offenses and to the resulting increase in her criminal history score. Those convictions, Tucker argued, merited treatment as "related cases" under U.S.S.G. § 4A1.2(a)(2) because they emerged from a single common scheme or plan and were consolidated by the state

---

[1]The base offense level of 24 was reduced by three points for acceptance of responsibility.

[2]During Tucker's sentencing, the district court stated that one of the robberies occurred in Mattawa, not Kalamazoo. The PSR places both robberies in Kalamazoo, however, as do the parties' briefs.

court for sentencing. She requested that the district court count the robberies as a single conviction for criminal history purposes and assign a total of three points for both convictions. The district court overruled Tucker's objection, citing the seven and a half hour span between the commission of the two crimes and the differing locations and victims. The district court sentenced Tucker to 84 months imprisonment, within the applicable Guidelines range of 70 to 87 months.

On appeal, Tucker challenges the district court's refusal to deem her 1990 convictions related under U.S.S.G. § 4A1.2(a)(2).

## II.

The panel reviews the district court's decision as to whether prior offenses are related for clear error. *United States v. Martin*, 438 F.3d 621, 637 (6th Cir. 2006); *United States v. Horn*, 355 F.3d 610, 613 (6th Cir. 2004).

## III.

Under U.S.S.G. § 4A1.1(a), a defendant receives three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.2(a)(2) provides, however, that "[p]rior sentences imposed in related cases are to be treated as one sentence" in calculating criminal history. The commentary to § 4A1.2 expands on the meaning of related cases: "[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 cmt. n.3. Tucker contends she is entitled to the benefit of § 4A1.2 because her 1990 robberies were part of a common plan and consolidated for sentencing before the state court.

## A.

Offenses are part of a single common scheme or plan if they are "jointly planned or the commission of one offense necessarily requires the commission of the other." *United States v. Hazelwood*, 398 F.3d 792, 797 (6th Cir. 2005); *see also United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999). The Sixth Circuit definition of common plan or scheme closely mirrors that used in other circuits. *See, e.g.*, *United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999); *United States v. Hallman*, 23 F.3d 821, 826 (3d Cir. 1994); *United States v. Ali*, 951 F.2d 827, 828 (7th Cir. 1992).

Other than Tucker's bare assertion that she planned the 1990 robberies together, there is no evidence that the crimes were in fact "jointly planned in the inception." *United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002). According to the PSR, Tucker and her co-defendant planned the January 21 robbery "because they had depleted money from a robbery they committed the previous evening." JA 67. Thus, the January 21 robbery grew out of necessity following the January 20 robbery, not an existing plan. Tucker nevertheless insists that the robberies were part of a single common scheme because they involved identical parties, utilized the same weapon, and were committed in the same manner for the same purpose within seven and a half hours of each other. In the absence of evidence of joint planning, however, these facts are largely immaterial.

In the first place, Tucker's claim as to the identity of the parties is simply inaccurate. Tucker acted in concert with the same individual on January 20 and January 21, but robbed employees at two separate business establishments. Moreover, the Sixth Circuit has repeatedly held that a defendant is not entitled to have multiple prior offenses treated as one merely because a common goal motivated each wrongful act. *See, e.g.*, *Martin*, 438 F.3d at 638 ("[S]imilar substantive crimes committed on different dates involving different victims are not considered related even if each

4

[were] committed with the same purpose or common goal, usually that of acquiring money.")
(citation and internal quotation marks omitted)*; Horn*, 355 F.3d at 614 (noting that prior offenses
are not related merely because "they were committed to achieve a similar objective, such as the
support of a drug habit"); *Irons*, 196 F.3d at 639 ("[C]ourts have consistently held that crimes are
not 'related' merely because each was committed with the same purpose or common goal."). It is,
therefore, irrelevant that Tucker committed both of the robberies with the intent to acquire money
to purchase illegal drugs. The similarity in the method by which Tucker and her accomplice effected
the robberies does not alter this conclusion. A shared *modus operandi* does not render offenses part
of a single common scheme or plan absent some evidence of joint planning by a defendant. *See
Martin*, 438 F.3d at 638.

A defendant asserting relatedness bears the burden of making the requisite showing of either
joint planning or interdependence of the crimes at issue. *Id.* at 637; *Hazelwood*, 398 F.3d at 797.
Tucker has failed to offer evidence on either score and we, accordingly, find no error in the district
court's conclusion that the 1990 robberies were not part of a common scheme or plan.

**B.**

A defendant asserting that her prior convictions were consolidated for sentencing must
provide evidence of "some explicit indication that the trial court intended to consolidate the prior
convictions." *Horn*, 355 F.3d at 614. Other circuits have expressly restricted the list of materials
acceptable as evidence of consolidation. *See, e.g.*, *United States v. Mills*, 375 F.3d 689, 691 n.4 (8th
Cir. 2004) (requiring formal order of consolidation from sentencing court)*; United States v. Best*, 250
F.3d 1084, 1095 (7th Cir. 2001) (requiring formal order of consolidation or a showing from the
sentencing record that the sentencing judge "considered the cases sufficiently related for

consolidation and effectively entered one sentence for the multiple convictions"). Although the Sixth Circuit has no established list of permissible evidence, it has rejected claims of consolidation where prior cases followed a similar procedural course but lacked reliable indicia of consolidation. *See Horn*, 355 F.3d at 614 (holding that district court did not err in deeming previous offenses unrelated in spite of shared trial, plea hearing, and sentencing dates, the presence of the same defense counsel, and "contemporaneous treatment" of crimes by state court); *Carter*, 283 F.3d at 758 ("The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated.").

Upon Tucker's objection to the PSR on consolidation grounds, the author of the PSR generated an addendum, acknowledging that the state court consolidated the January 20 and January 21 robberies for sentencing. That acknowledgment is the sole evidence Tucker presents in support of her consolidation claim. The United States rejects the PSR's concession, citing the absence of evidence to demonstrate formal consolidation by the trial court.

At the sentencing hearing, the district court did not directly address sentencing consolidation, responding to Tucker's objection to the PSR as follows:

> This much appears to be the case: separate victims, separate cities, different days of the week separated by seven and a half hours. One is a pizza restaurant; the other is a grocery store. They arise, therefore, one in Mattawan and one in Kalamazoo, in two separate docket numbers . . . . One is an armed robbery in Paragraph 44 and Paragraph 46 is an unarmed robbery. If in fact it had been in this Court's view, and this Court's looking at *United States v. Oldham*, which is a Sixth Circuit case in 2001, 13 F.3d 221, if in fact it had been one bank and then another bank in a continuous stream such as going down the street or within hours of each other within a close proximity, same people doing exactly the same thing, same MO, I think your point would be well taken. But it seems to this Court that if you have two different days, albeit seven and a half hours [apart]; two different locations, and I can take judicial notice that Mattawan and Kalamazoo are 30 miles apart, 25 miles apart; both were robberies of sorts of business establishments, but both violent crimes by

6

anyone's characterization, I think they have to be scored separately.

Now, granted, they went into the same Circuit Court and sentencing occurred at the same time and there was some concurrency in the sentencing. This Court's of a mind to believe that because they did not take place on the same occasion, because they occurred at different times and different locations and were committed against different victims, they should be scored differently. But your objection is noted for the record.

JA 41-42. The district court's exposition of its decision to overrule Tucker's objection is not directly responsive to the consolidation argument and seems to conflate the two matters, folding the consolidation inquiry into the common scheme or plan analysis. The Guidelines require separate treatment of these issues, however. *See* U.S.S.G. § 4A1.2 cmt. n.3 (deeming prior offenses related if they were part of a single common scheme or plan *or* were consolidated for trial or sentencing). In our view, the trial court's failure to address the consolidation issue as a distinct ground for treating the 1990 convictions as related cases constitutes error.[3] Because, as we explain below, any error on the part of the district court was harmless, however, remand is unnecessary.

## II.

The United States contends that even if the district court had ruled in Tucker's favor and treated her 1990 convictions as related cases, the ruling would have had no effect on Tucker's criminal history category because the nature of her previous crimes qualify her for an additional criminal history point under U.S.S.G. § 4A1.1(f). As a result, the government reasons, any error by the district court was harmless.

---

[3]The record permits an alternative reading of the district court's actions. In adopting the PSR without change, the district court may have embraced the PSR's conclusion that Tucker's 1990 cases were consolidated for sentencing. If the district court did so find, its later refusal to treat the cases as related would have been erroneous. *See Carter*, 283 F.3d at 759 (observing that § 4A1.2(a)(2) "treats as related *all* offenses which are consolidated for sentencing as well as trial") (emphasis added).

An error in sentencing does not necessarily justify a remand for resentencing. *Hazelwood*, 398 F.3d at 801. Because Tucker preserved her objection pursuant to § 4A1.2(a)(2), we utilize the harmless error standard to assess the necessity of resentencing. *See id.* "Under the harmless error test, a remand for an error at sentencing is required unless [the court is] certain that any such error was harmless - i.e. any such error did not affect the district court's selection of the sentence imposed." *Id.* (citation and internal quotation marks omitted). The government bears the burden of proving that any sentencing error by the district court was harmless. *United States v. Newsom*, 452 F.3d 593, 602 (6th Cir. 2006).

Section 4A1.1, on which the government relies, directs sentencing courts to:

[a]dd **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under [the Guidelines provision assigning criminal history points] because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of **3** points for this item.

U.S.S.G. § 4A1.1(f). Section 4B1.2 defines "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1). The district court identified both the January 20 and 21 robberies as "violent crimes by anyone's characterization . . . ." JA 41. Tucker does not challenge that finding or the

8

application of § 4A1.1(f) to her case.[4]

We agree with the government that any district court error in addressing Tucker's claim had no impact on Tucker's sentence and is, therefore, harmless. The district court placed Tucker in criminal history category V, based upon a criminal history score of 12, which included 3 points for each of the 1990 robberies. If the district court had found that the cases' consolidation rendered them related under the Guidelines, Tucker would have been entitled to a reduction of 3 points in her criminal history score, placing her in criminal history category IV. Because Tucker's prior convictions were for violent crimes, however, the district court would have been obligated under § 4A1.1(f) to assess an additional criminal history point for the uncounted robbery, leaving Tucker with a criminal history score of 10 and placing her, once again, in criminal history category V. Upon review of the record, we are persuaded that the district court, faced with an identical offense level, criminal history category, and Guidelines range, would have imposed the same sentence.[5] Thus, any error did not affect the district court's sentencing decision, and remand is not warranted.

**IV.**

For the foregoing reasons, we affirm the judgment of the district court.

---

[4]At oral argument, Tucker's counsel conceded the impact of § 4A1.1(f) on Tucker's claim but argued that the government is foreclosed from asserting that provision because it failed to raise it before the district court. Counsel could not offer a compelling explanation for why the government, having won on the objection before the district court, would have been obligated to raise an alternative basis for the court's ruling.

[5] Certainly, Tucker can offer no viable claim that the district court would have imposed a lesser sentence, given the court's clear concern that criminal history category V did not "even begin to adequately comprehend" the extent of Tucker's criminal history. JA 43.