**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0679n.06
Filed: September 18, 2007

**No. 06-3215**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WILLIE MOORE, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges, and ACKERMAN,[*] District Judge.

**PER CURIAM.** This case is before us for a second time following remand for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). The defendant, Willie Moore, had previously pleaded guilty to a two-count information charging him with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The plea was entered in exchange for the government's agreement to forego an indictment against Moore for eight additional bank robberies.

---

[*]The Hon. Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

Prior to his first sentencing hearing, Moore filed an objection to his designation as a career offender in the pre-sentence report but was nevertheless sentenced as a career offender. The district judge calculated the applicable sentencing range for the robbery count as 188-235 months and sentenced Moore to 188 months on that conviction. He imposed a sentence of 84 months, the mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(ii), for the firearms conviction and ordered that the two sentences be served consecutively, for a total of 272 months. On appeal, we held the case in abeyance in anticipation of *Booker*, after determining that the district court had applied the sentencing guidelines mandatorily, and later remanded for re-sentencing under the requirements of that opinion.

At the second sentencing hearing, the district court again calculated the applicable sentencing range for the robbery conviction as 188-235 months but went below the guidelines and imposed a sentence of 137 months. Added to the mandatory 84 months for the firearms conviction, the resulting sentence totaled 221 months, which was 51 months less than the original sentence. The defendant now argues that the district court (1) erred in sentencing him as a career offender under United States Sentencing Guidelines section 4B1.1; (2) should have reduced his category VI criminal history score to category V, because category VI overstated the seriousness of his prior record and the likelihood of recidivism; and (3) erred by not "quantifying the basis for its reduction in offense level following the granting of the Government's 5K1.1 motion." The result, Moore argues, is an unreasonable sentence under *Booker*.

Moore argues that he should not have been sentenced as a career offender because his two prior felony convictions were "related" under Application Note 3 to section 4A1.2 of the guidelines and, therefore, could not be considered separate offenses for sentencing purposes. However, prior offenses can be considered related only if they "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.3. The prior convictions in this case, although they occurred only a month apart and were handled in a single sentencing hearing, do not fall into any of the three categories set out in the application note. Hence, there was no error in the sentencing in this regard. The district court correctly found that Moore's prior convictions were for "separate and distinct offenses" and noted: "Merely because the sentencing for two cases occurs on the same day and merely because one sentence refers to the other . . . does not in this Court's opinion make them consolidated for purposes of trial or sentencing." *United States v. Horn*, 355 F.3d 610, 615 (6th Cir. 2004). Moreover, "offenses are not necessarily related merely because they were committed within a short period of time." *Id.* at 615 (affirming sentence based on district court's determination that convictions for two armed robberies in grocery store parking lots that had occurred "weeks apart" were not "related").

As for the district court's rejection of the defendant's request for a reduction in the his criminal history score, we may review the denial of a downward departure "only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law." *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002) (citations omitted). Here, there is no contention that the district court erroneously believed that it

-3-

lacked the authority to grant a downward departure. To the contrary, when the district court overruled Moore's motion for such a departure at his first sentencing hearing, it explicitly "recognize[d] . . . [its] authority to depart downward on a criminal history category" but concluded that "to exercise that authority in this case would [not] be a wise use of the Court's discretion."

Moore's claim that the district court erred by not explaining why it granted him no more than a "twenty percent reduction in the offense level" for substantial assistance under section 5K1.1 is likewise unreviewable. As we have previously held, "[when], as in this case, the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) (citations omitted). Moreover, the district court did, in fact, put its reasons for the extent of the departure on the record at the sentencing hearing. It is no ground for reversal that the defendant does not agree with those reasons.

We have reviewed the defendant's sentence under the *Booker* reasonableness standard and the criteria set out in 18 U.S.C. § 3553(a), and we conclude that there is no basis for overturning it. The judgment is therefore AFFIRMED.