NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0220n.06
Filed: April 24, 2008

No. 06-6421

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CLIFTON OMAR ROBINSON, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: DAUGHTREY and SUTTON, Circuit Judges; POLSTER,[*] District Judge.

**PER CURIAM.** In this sentencing appeal, defendant Clifton Omar Robinson

contends that his criminal history score was wrongly calculated under U.S.S.G. § 4A1.2(a)

and that he was improperly classified as a career offender under U.S.S.G. § 4B1.1(a).

Both determinations by the district court were based on the defendant's two prior

convictions in state court for felony drug-trafficking, which Robinson insists should not be

counted as separate offenses (1) because they were "consolidated" in the state court, and

(2) because they were part of a common scheme or plan and, therefore, were "related

cases" for federal sentencing purposes. He also contends that (3) sentencing under

---

[*]The Hon. Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.S.G. § 4B1.1(a) violates the Sixth Amendment. We find no merit to these contentions and affirm the judgment of the district court.

Robinson's current conviction resulted from a search by police that turned up two bags of ecstasy pills, two one-ounce bags of cocaine, two sets of digital scales, multiple bags of marijuana, and a loaded Smith and Wesson 9mm semi-automatic pistol with ammunition in Robinson's home and 22 one-ounce bags of cocaine and $11,000 in cash in his car. The cocaine totaled 617.7 grams.

Robinson was charged in a four-count indictment as a felon in possession of a firearm and for possession with intent to distribute more than 500 grams of cocaine, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug-trafficking offense. He was permitted to plead guilty to the cocaine-possession count, without benefit of a plea agreement. Before sentencing, Robinson objected to the recommendation in the presentence report that he be classified as a career offender under § 4B1.1(a) of the guidelines and to the calculation of separate criminal history scores for his prior offenses. The district court overruled both objections, granted Robinson a two-point reduction for acceptance of responsibility, and sentenced him to 292 months' imprisonment, the lowest sentence in the applicable guideline range.

The defendant did not contest the existence of his two prior felony drug convictions, both of which were for possession of cocaine for resale. The first offense occurred in December 1999 and the second in March 2000, while Robinson was on bond following his

December arrest. He was convicted on both charges in October 2000 and sentenced to concurrent terms of eight years on each charge. Robinson cites Tennessee Code Annotated § 40-20-111 for the proposition that because he was on bond at the time of the second arrest, the state court was under a statutory obligation to impose consecutive sentences. He contends that by ordering concurrent sentencing instead, the state court implicitly intended to treat the two offenses as a consolidated sentence that should now be counted as a single sentence for purposes of calculating his criminal score under U.S.S.G. § 4A1.2(a)(2)(B). Moreover, he argues that because the two offenses were part of a common scheme or plan, they should be considered "related cases" under U.S.S.G. § 4A1.2(a)(2) and "treated as one sentence." *Id.* If the defendant were correct, he would not be eligible for sentencing as a career offender under section 4B1.1(a) and would be entitled to a new sentencing hearing. Unfortunately for the defendant, he is plainly incorrect with regard to both contentions.

Although the two state sentences were subject to consecutive sentencing under T.C.A. § 40-20-111(b), the imposition of concurrent sentences can best be viewed as an error in Robinson's favor; any such error is immaterial for federal sentencing purposes under U.S.S.G. § 4A1.2(a)(2). That guideline requires that in calculating the defendant's criminal history score, the convictions must be scored individually, as two separate sentences in "unrelated cases," because they were for offenses that "were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2) application note 3 (2005). *See also United States v. Gale*, 468 F.3d 929, 935 (6th Cir. 2006) ("[b]ecause [defendant] was arrested for

one offense prior to committing another one, he cannot argue that the offenses were 'otherwise' related").

Even if we were to consider whether the defendant's offenses were otherwise related, we would conclude that they were not. The defendant has not produced an order of consolidation from the state court, despite whatever implications may arise from the concurrent sentencing order entered there. *See United States v. Horn*, 355 F.3d 610, 614 (2004) ("we require some explicit indication that the trial court intended to consolidate the prior convictions"). As we have observed, "cases are not consolidated when the offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation." *United States v. Coleman*, 964 F.2d 564, 567 (6th Cir. 1992). The record in this instance meets none of the prerequisites. Moreover, the fact that Robinson was charged with the same offense twice within a three-month period does not establish that the offenses were part of a common scheme or plan. As we have previously noted, "similar substantive crimes committed on different dates involving different victims are not considered related even if each 'was committed with the same purpose or common goal'." *United States v. Martin*, 438 F.3d 621, 638 (6th Cir. 2006) (quoting *United States v. Irons*, 196 F.3d 634, 640 (6th Cir. 1999) (finding that "[n]either close geographic [n]or temporal proximity commands a finding that the defendant jointly planned the crimes")).

Without question, Robinson was properly sentenced as a career offender. Under U.S.S.G. § 4B1.1, career offender status applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance.

The presentence report establishes that Robinson was 24 years old when he committed his most recent offense, which resulted in a felony conviction for a controlled substance offense, and that he had a record of two prior felony convictions involving controlled substances. Moreover, those prior convictions were properly "counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c).

Finally, we reject the defendant's challenge to the constitutionality of his career-offender classification under the Sixth Amendment. Despite Justice Thomas's dissatisfaction with the rule in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), as expressed in his separate opinion in *Shepard v. United States*, 544 U.S. 13, 27 (Thomas, J., concurring), the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), has not disturbed the holding in *Almendarez-Torres* that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." *James v. United States*, 127 S.Ct. 1586, 1600 n.8 (2007). On the contrary, as we have recognized, "the Supreme Court has uniformly excepted 'the fact of a prior conviction' from

its general rule that sentence-enhancing facts must be found by a jury and proved beyond

a reasonable doubt." *United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006) (citing

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Booker*, 543 U.S. at 244).

For the reasons set out above, we AFFIRM the judgment of the district court.