**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie E. MAYS, Defendant–Appellant.**

**No. 03–5264.**

United States Court of Appeals,
Sixth Circuit.

June 8, 2004.

David Charles Henry, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Defendant–Appellant.

Before GILMAN and ROGERS, Circuit Judges; and FORESTER, District Judge.*

*ORDER*

Willie Mays appeals the sentence of imprisonment imposed upon his plea of guilty to conspiring to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The government expressly waives oral argument, and Mays waives oral argument by virtue of not responding to this court's letter requiring him to show cause why oral argument is necessary. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The presentence report prepared in contemplation of Mays's sentencing reported three prior state court drug trafficking convictions and called for Mays to be classified as a career offender under USSG § 4A1.2. Mays argued that his three prior state court drug trafficking convictions were consolidated for sentencing, that the convictions should not be counted as sepa-

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

rate offenses, and that he should not be classified as a career offender. The district court concluded that Mays's prior offenses were not consolidated for sentencing and should be counted as separate offenses. Accordingly, Mays was deemed to be a career offender, and the district court sentenced him to 188 months of imprisonment and four years of supervised release.

On appeal, Mays contends that the district court erred in determining that he was a career offender.

We review a district court's factual findings underlying a sentencing decision for clear error and give due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). We conduct a de novo review where a matter presents strictly a question of law concerning the application of the Guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002). A district court's determination that prior offenses are not related is entitled to a deferential standard of review. *Buford,* 532 U.S. at 64, 121 S.Ct. 1276.

Upon review, we conclude that the district court did not err. Section 4A1.2(a)(2) of the United States Sentencing Guidelines requires that prior sentences in related cases be counted as a single sentence and prior sentences in unrelated cases be treated separately. The Guidelines Commentary explains that prior sentences will be considered related if they occurred on the same occasion, were part of a common

scheme or plan, or were consolidated for trial or sentencing, unless they were for offenses that were separated by an intervening arrest. USSG § 4A1.2, comment. (n.3). Mays argues that his three state drug trafficking offenses were "functionally consolidated" because sentencing on all three offenses was joint and it was the intent of the state court prosecutor and the state trial court to consolidate the cases for sentencing.

Mays's offenses were not "functionally consolidated." Prior offenses may be deemed "functionally consolidated" when they are factually or logically related and sentencing was joint. *Buford,* 532 U.S. at 61, 121 S.Ct. 1276. Mays's offenses were not factually or logically related. Mays's offenses were not factually related because those offenses for the sale of cocaine occurred on three separate and distinct dates in two different Tennessee counties. Mays sold cocaine on January 28, 1995, in Dyer County, Tennessee, sold cocaine on March 4, 1995, in Lake County, Tennessee, and sold cocaine on January 30, 1991, in Lake County, Tennessee. The offenses were not logically related because Mays was charged in three separate indictments for the three offenses, the offenses proceeded under different case numbers, different sentences were levied, and there was no implicit or express order of consolidation. *See United States v. McAdams,* 25 F.3d 370, 374 (6th Cir.1994) (citing *United States v. Coleman,* 964 F.2d 564, 566 (6th Cir.1992)).

To the extent that Mays argues that his offenses were functionally consolidated because sentencing on the offenses was joint, his argument is unavailing. After a jury found Mays guilty of one of the foregoing offenses, he pleaded guilty to the other two charges in exchange, in part, for the recommendation that the sentences be served concurrently. "[S]imply because

sentences run concurrently and were imposed on the same day does not require the sentences to be consolidated for guideline purposes absent a showing of a close factual relationship between the convictions." *McAdams,* 25 F.3d at 375 (quoting *United States v. Lopez,* 961 F.2d 384, 386–87 (2d Cir.1992)). Inasmuch as there is no close factual relationship between Mays's convictions, they cannot be said to have been functionally consolidated.

The state did not intend to consolidate the offenses. Mays argues that it was the intent of the state court prosecutor and the state trial court to consolidate the offenses for sentencing. The record belies that argument. The state court prosecutor testified at Mays's federal sentencing hearing that Tennessee does not have a rule with respect to the consolidation of sentences, only a rule with respect to the consolidation of offenses for trial, and that drug convictions such as Mays's would be considered separate convictions.

In light of the deferential standard of review, *see Buford,* 532 U.S. at 64, 121 S.Ct. 1276, we cannot conclude that the district court erred in counting the state drug trafficking offenses separately and classifying Mays as a career offender under USSG § 4A1.2.

Accordingly, the district court's judgment is hereby affirmed.