NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0218n.06
Filed: March 24, 2006

No. 04-2527

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARK EDWARD COOK,

     Defendant-Appellant.

                             /

On Appeal from the United States District Court for the Eastern District of Michigan

BEFORE:    RYAN and COLE, Circuit Judges; SARGUS, District Judge.[*]

     RYAN, Circuit Judge.      Mark Edward Cook appeals the sentence of 169 months' imprisonment he received after pleading guilty to five counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). The district court found that Cook had two prior state convictions for bank robbery and, therefore, was a Career Offender under United States Sentencing Guidelines Manual § 4B1.1(a) (2003). Cook argues on appeal that he did not qualify for Career Offender status under U.S.S.G. § 4B1.1(a) because his two prior state bank robbery convictions were "related," having been functionally consolidated at his state sentencing. We conclude that the district court did not err in finding that Cook's prior convictions were not related and, therefore, did not err in sentencing Cook as a Career Offender. Therefore, we will **AFFIRM** Cook's sentence.

---

     [*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

U.S.S.G. § 4B1.1(a) provides that a defendant may be sentenced as a Career Offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(Emphasis added.)

U.S.S.G. § 4B1.2(c) explains that the requirement of "two prior felony convictions" is satisfied if "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." To discover what convictions count separately under § 4A1.1, however, one must turn to U.S.S.G. § 4A1.2(a)(2), which states that "prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." (Emphasis added.) As a result, for "two prior felony convictions" to count separately under § 4B1.1(a), they cannot be related for purposes of U.S.S.G. § 4A1.1(a), (b), and (c). The Commentary to U.S.S.G. § 4A1.2 gives the meaning of the term "related" as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3) (emphasis added).

Cook argued before the district court, as he does now, that his two state convictions for bank robbery are "related" under U.S.S.G. § 4A1.2(a)(2) and, therefore, the concurrent sentences imposed for each robbery conviction should be "treated as one sentence" for the

(No. 04-2527)                                    -3-

purposes of U.S.S.G. § 4B1.1(a).  Before the district court Cook argued that the two prior robberies were related because they "were part of a single common scheme or plan" and the two cases "were consolidated for . . . sentencing."  Before this court, Cook has dropped the "common scheme" argument and claims only that the two sentences were functionally consolidated at the state sentencing hearing.

## II.

In United States v. Hazelwood, we held that "the 'functional consolidation' of two sentences is an inherently fact-specific determination and should be reviewed deferentially."  398 F.3d 792, 797 (6th Cir. 2005) (citing Buford v. United States, 532 U.S. 59, 66 (2001)).  A district court's fact determinations are binding on this court, unless they are clearly erroneous.  Id. at 797-98.  In Hazelwood, we upheld the district court's decision that there was no functional consolidation where concurrent sentences were "separate[ and] individualized" and the "docket numbers" were also separate.  Id. at 798.

Likewise, in United States v. Horn, we held that "'cases are not consolidated when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation.'"  355 F.3d 610, 614 (6th Cir.) (quoting United States v. McAdams, 25 F.3d 370, 374 (6th Cir. 1994)), cert. denied, 541 U.S. 1082 (2004).  In Horn, we also dismissed the argument that functional consolidation could be shown by such things as a joint trial date, a joint sentencing hearing, or concurrent sentences.  Id.  Our cases make clear that similar treatment of convictions is insufficient to sustain a finding of functional consolidation absent "some explicit indication that the trial court intended to consolidate the prior convictions."  Id.

In support of his functional consolidation theory, Cook points out that he was sentenced for the prior robberies at a single sentencing hearing; that both offenses were discussed in a joint pretrial statement; a joint plea agreement for the robberies was entered at a joint hearing; and he was given concurrent sentences. In addition, he offers as evidence of functional consolidation both an affidavit by his former defense attorney stating that the two cases were functionally consolidated and the language printed on the form used to return him to jail after the sentencing hearing. On this foundation, Cook argues that the two state convictions were functionally consolidated for sentencing. The district court did not think they were and neither do we.

No published case in this circuit has held that two or more convictions were "related" for purposes of U.S.S.G. § 4B1.1(a) because they were functionally consolidated. Defendants have often argued the theory, but not successfully. Cook offers nothing to distinguish his argument from those that have failed in the past. He is content to point to facts that are the same or logically similar to those argued before us in Hazelwood and Horn without attempting to show any "explicit indication" by the trial court that it "intended to consolidate the prior convictions." Those evidentiary matters our court has not previously considered, such as the affidavit by Cook's attorney and the language printed on the form used to return Cook to jail, also give no indication of what the trial court intended. Finally, the sentencing transcript provides clear evidence the two robberies would not have been consolidated for trial. The state court made a point of informing Cook that, absent his plea, he would be entitled to "two different trials."

We do not hold that there cannot be a case in which two or more prior convictions were functionally consolidated at sentencing, only that this is not such a case. The learned

district court did not err in its conclusion that Cook's prior state convictions were not functionally consolidated and, therefore, were not related.

### III.

For the foregoing reasons, we **AFFIRM** the sentence imposed.