*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0436p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee,*

　　*v.*

RONALD CARSON,

　　　　　　　*Defendant-Appellant.*

No. 05-4015

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-00626—Donald C. Nugent, District Judge.

Argued: November 1, 2006

Decided and Filed: November 27, 2006

Before: MOORE, ROGERS, and GIBSON, Circuit Judges.[*]

---

## COUNSEL

**ARGUED:** Jeffry F. Kelleher, JEFFRY F. KELLEHER & ASSOCIATES, CO., Cleveland, Ohio, for Appellant. Joseph P. Schmitz, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jeffry F. Kelleher, JEFFRY F. KELLEHER & ASSOCIATES, CO., Cleveland, Ohio, for Appellant. Arturo G. Hernandez, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

　　　ROGERS, Circuit Judge. Ronald Carson appeals the 168-month sentence imposed following his guilty plea to charges of possession with intent to distribute heroin and attempted possession with intent to distribute heroin. The district court determined that Carson was a career offender based on two prior drug convictions in Ohio. Carson maintains that the state court convictions are related under the Sentencing Guidelines because they were functionally consolidated and, therefore, that these convictions cannot support a career offender enhancement. Carson also maintains that the sentence imposed is unreasonable because the district court treated the Sentencing Guidelines

---

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

as mandatory and failed to consider the factors outlined in 18 U.S.C. § 3553(a).  Because the district court did not err in determining that Carson is a career offender and because the sentence imposed is reasonable, we affirm.

**I.**

Ronald Carson was indicted under 21 U.S.C. §§ 841(a) and (b)(1)(A) and § 846 for conspiracy to possess with intent to distribute heroin and attempted possession with intent to distribute heroin.  Authorities arrested Carson when he went to pick up a suitcase at the behest of a friend who was a heroin dealer.  Unbeknownst to Carson, authorities intercepted a drug mule upon her arrival in the United States and she cooperated with the authorities.  Thus, Carson walked into a sting operation and was arrested when he arrived to pick up the heroin.

Carson pleaded guilty to both counts and reserved the right to appeal the district court's determination of Carson's career offender status and criminal history determination.  Carson objected to the criminal history determination in the pre-sentence report (PSR) prepared by U.S. Probation.  The PSR included information about two prior felony convictions for drug trafficking in Ohio and, pursuant to § 4B1.1 of the Sentencing Guidelines, determined that Carson was a career offender, mandating a criminal history category of VI.

The district court conducted a sentencing hearing on July 14, 2005.  The focus of the hearing was Carson's prior drug trafficking convictions in Ohio that were the basis for the career offender determination.  Case 1 stemmed from Carson's arrest by Cleveland police on March 2, 1996, which was the result of complaints that Carson was selling heroin.  This arrest resulted in Carson's indictment for preparing drugs for shipment and for possession of heroin in violation of Ohio's drug trafficking statute.  Case 2 stemmed from a sale of heroin made to an informant working for the federal Drug Enforcement Administration on March 25, 1995.  The DEA did not arrest Carson following this sale, but handed the case over to Ohio authorities after learning about the indictment against Carson in Case 1.  Ohio then indicted Carson for preparing drugs for shipment and for possession of heroin in violation of Ohio law.  Both of the Ohio cases were assigned to the same judge. Carson entered into a plea agreement with Ohio prosecutors covering Case 1 and Case 2 and pleaded guilty.  The journal entries in the Ohio proceedings reflect that Carson entered into a plea agreement covering all counts in both cases, with specified sentences for each count to run consecutively, for a total sentence of 9 1/2 years.  The journal entries for both cases show that the Ohio court referred Carson to the psychiatric clinic on June 3, 1997, and set sentencing in both cases for July 21, 1997, at the same time.  The judge imposed sentences in each case at one sentencing hearing conducted on July 21, 1997.  Carson received a sentence of five years in Case 1 and a total sentence of four years in Case 2, representing two years for each count in Case 2.  The sentences imposed in Case 1 and Case 2 were consecutive.

Carson testified at his sentencing hearing in the district court that he entered one guilty plea in Ohio state court and that plea negotiations focused on one total sentence that would be imposed rather than individual sentences for each count in Case 1 and Case 2.  The district judge concluded that Carson's Ohio convictions were not related for purposes of the Sentencing Guidelines and that Carson was a career offender.  The district court imposed a sentence of 168 months, a sentence at the bottom of the relevant Guidelines range.  Carson timely appealed his sentence.

**II.**

The district court's determination that Carson's prior drug convictions were not related for Guidelines purposes is reviewed for clear error.  *United States v. Horn*, 355 F.3d 610, 613 (6th Cir. 2004).  The sentence imposed by the district court is reviewed for reasonableness and must be affirmed if it is reasonable.  *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006).  A

sentence falling within the relevant Guidelines range is entitled to a rebuttable presumption of reasonableness. *Id.* at 708.

### A. Relatedness of Carson's Ohio Convictions

The district court's conclusion that Carson's Ohio drug convictions were not related was not clearly erroneous because Carson has not shown an "explicit indication that the trial court intended to consolidate the prior convictions." *Horn*, 355 F.3d at 614.

Under the Sentencing Guidelines, prior sentences that are related count as a single sentence. U.S.S.G. § 4A1.2(a)(2). An application note in the Guidelines provides that "prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, cmt. n.3. Carson maintains that, although there was no formal order of consolidation in the Ohio court, his cases were functionally consolidated. Although a formal consolidation order is not necessary for cases to be functionally consolidated for sentencing, *United States v. Hazelwood*, 398 F.3d 792, 797 (6th Cir. 2005), this court has consistently held that there is no functional consolidation "'when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation,'" *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994) (quoting *United States v. Coleman*, 964 F.2d 564, 567 (6th Cir. 1994). *See also United States v. Cook*, 174 Fed. Appx. 870, 872 (6th Cir. 2006) (unpublished); *Hazelwood*, 398 F.3d at 797-98; *Horn*, 355 F.3d at 614. There must be "some explicit indication that the trial court intended to consolidate the prior convictions." *Horn*, 355 F.3d at 614.

Carson relies on the Supreme Court's decision in *Buford v. United States*, 532 U.S. 59 (2001), to support his contention that the Ohio cases were consolidated for sentencing. In *Buford*, the Supreme Court held that the appropriate standard of review of the consolidation question is one of deference. 532 U.S. at 66. Carson maintains that the Supreme Court in *Buford* embraced the Seventh Circuit's standard for functional consolidation—that convictions are functionally consolidated when "the convictions were factually or logically related, and sentencing was joint," 532 U.S. at 61—and that this definition should apply in his case. However, the question before the Supreme Court in *Buford* was the applicable standard of review, not whether the Seventh Circuit's definition of functional consolidation was correct. Furthermore, the law of this circuit regarding functional consolidation, while not the same, has significant elements in common with that of the Seventh Circuit, including questions of factual relatedness and whether there are indications in the record regarding the trial court's intent to consolidate cases for sentencing.[1]

Carson argues that his Ohio drug convictions were factually related because throughout 1995 and 1996 he maintained a consistent practice of buying large amounts of heroin, selling some to support his own addiction, and using some himself. Because this practice was "part and parcel of [his] way of life," Carson argues, the offenses are factually related. However, the mere fact that a drug dealer who is also an addict maintains a consistent practice of buying large amounts of drugs and selling some and using some does not render every conviction stemming from that activity factually related. Carson has shown nothing more than that he was a heroin addict who sold drugs to support his habit. Given that Carson's convictions in Ohio stemmed from arrests for activities

---

[1]Although Carson appears to be of the opinion that the Seventh Circuit's definition of functional consolidation would lead to a more favorable result in his case, we note that the Seventh Circuit, post-*Buford*, has held that simultaneous disposition merely for the sake of administrative convenience is not consolidation, and that "in the absence of a formal order of consolidation, we will deem sentences functionally consolidated only where there is a showing on the record of the sentencing hearing that the sentencing judge considered the cases sufficiently related for consolidation and effectively entered one sentence for the multiple convictions." *United States v. Best*, 250 F.3d 1084, 1095 (7th Cir. 2001) (internal quotation marks omitted).

that occurred a year apart and were the result of investigations by different law enforcement agencies, Carson has not established that his Ohio convictions were factually related. *See United States v. Mays*, 100 Fed. Appx. 468, 469 (6th Cir. 2004) (unpublished) (holding that the defendant's prior drug convictions were not factually related because the offenses occurred on three separate dates in two different counties).

Carson also argues that his sentencing in the Ohio cases was joint because (1) the plea agreement treated the two cases as one for which the parties negotiated a single sentence; (2) Carson entered one guilty plea; (3) the record indicates that the state court judge joined the cases for sentencing with each plea entry setting sentencing in both cases at the same date and hour; and (4) Carson was sentenced at one hearing in accordance with the plea agreement.

Carson has failed to establish that sentencing in Case 1 and Case 2 was joint and that his cases were consolidated for sentencing because he has not pointed to any explicit indication in the record showing that the trial judge intended to consolidate the cases for sentencing. The record reflects that there were two separate cases under two separate docket numbers, that Carson received specific sentences for each count in each case, that there was no consolidation order, and that the sentences were consecutive. Although the question of relatedness is a fact-specific inquiry, *Hazelwood*, 398 F.3d at 797, prior case law from this circuit supports the district court's determination that Carson's sentencing was not joint and that the Ohio convictions were not related for Guidelines purposes. It is simply not enough to show that prior cases were handled at the same time by the same judge in state court. For example, in *Horn*, this court rejected the defendant's argument that his prior convictions were functionally consolidated under circumstances similar to those in the present case. Horn was arrested and charged at the same time for committing different robberies; he made an initial appearance for the different offenses at the same time; the different cases were set for trial on the same date; Horn entered a guilty plea to the different offenses on the same day; and the court sentenced Horn for both offenses on same day, with the sentences to run concurrently. 355 F.3d at 614; *see also Cook*, 174 Fed. Appx. at 872 (refusing to find functional consolidation where there was one sentencing hearing, a joint plea bargain, and the imposition of concurrent sentences). There is simply nothing in the record to distinguish Carson's sentencing in the Ohio proceedings from prior cases in this circuit where this court has refused to find functional consolidation. Because Carson has failed to show an "explicit indication that the trial court intended to consolidate the prior convictions," *Horn*, 355 F.3d at 614, his argument that his Ohio convictions were functionally consolidated fails.

Carson maintains that the district court's conclusion that Carson's Ohio convictions were not related is not entitled to deference because the district court did not consider the specific facts of Carson's case. This argument fails because the district court specifically noted that the Ohio cases proceeded under different docket numbers, that the arrests in each case stemmed from activity that occurred a year apart and were the result of different investigations, and that Carson entered separate guilty pleas to a number of different counts in two separate cases. The district court referred to prior case law of this circuit to support its conclusion that Carson's prior convictions were not related, but this does not mean that the court failed to consider the specific facts of Carson's case. Thus, the district court's conclusion that Carson's Ohio convictions were not related for Guidelines purposes is entitled to deference. *Buford*, 532 U.S. at 65-66.

**B. Reasonableness of Carson's Sentence**

Finally, because the district court did not treat the Sentencing Guidelines as mandatory and took into account the factors outlined in 18 U.S.C. § 3553(a),[2] Carson's sentence is not unreasonable.  Sentences falling within the relevant Guidelines range are entitled to a rebuttable presumption of reasonableness. *Williams*, 436 F.3d at 708.  Although the factors listed in § 3553(a) must be taken into account in determining a sentence, "[s]uch consideration . . . need not be evidenced explicitly." *Id.*  However, the sentencing court must "articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

Carson has not established that the district court felt bound by the Sentencing Guidelines or that the district court failed to consider the arguments Carson put forth regarding an appropriate sentence.  Carson points to the district court's statement that the career offender determination would have an impact on the sentence as proof that the district court plainly felt itself bound by the Guidelines.  However, calculation of the sentence under the Guidelines is the first step in determining the sentence, *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), and the fact that the district court noted this does not establish that the district court felt itself bound by the Guidelines.

The record establishes that the district court properly took into account Carson's arguments regarding an appropriate sentence and the relevant factors listed in 18 U.S.C. § 3553(a).  The district court sufficiently articulated its reasoning in imposing the 168-month sentence, a sentence at the bottom of the relevant Guidelines range.  Carson's attorney argued at sentencing that Carson merely picked up a package for a friend and was not aware of the amount of drugs involved, the origin of the drugs, or their value.  Carson's attorney also went into detail regarding Carson's history, the fact that Carson was educated, and Carson's successes as a journalist.  It is clear from the record that the district court considered Carson's positive attributes.  However, the district court also considered Carson's criminal history, which included convictions for assault and possession and sale of drugs, and the fact that Carson was not merely a heroin user, but a sophisticated heroin dealer as well.  The district court recounted Carson's back-and-forth between jail and attempts at treatment.  It highlighted that Carson, in contrast to his codefendant, was aware of what he was doing when he went to pick up the suitcase filled with heroin.  The district court noted the seriousness of the offense and the potential sentence Carson faced given the amount of drugs involved, and provided a clear explanation for the sentence imposed.  Because the record establishes that the district court reviewed and weighed the arguments presented regarding sentencing and considered the relevant factors, even if not invoking all of them explicitly, Carson has not established that the sentence imposed was unreasonable.

**III.**

For the foregoing reasons, the judgment of the district court is affirmed.

---

[2]Section 3553(a) provides that the sentencing court should consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."