NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0329n.06
Filed: May 10, 2007

No. 06-5927

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Bobby Earl Ferrell, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MARTIN and SUTTON, Circuit Judges, and GRAHAM,[*] District Judge.

GRAHAM, District Judge.  Defendant-appellant Bobby Earl Ferrell was indicted by a grand jury in the Middle District of Tennessee for one count of bank robbery in violation of 18 U.S.C. § 2113(a).  Defendant entered a guilty plea to that offense on February 6, 2006.  A sentencing hearing was held on July 3, 2006. Defendant objected to the probation officer's conclusion in the presentence report ("PSR") that he was a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  The district judge denied defendant's objections and found that defendant was a career offender.  The district judge also denied defendant's motion for a sentence below the advisory guideline range and sentenced defendant to a term of incarceration of 151 months, a sentence at the bottom of the advisory guideline range.  Defendant then filed the instant appeal contesting the district court's determination of his career offender status.

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

This court reviews a district court's interpretation of the sentencing guidelines *de novo*. *United States v. Carter*, 283 F.3d 755, 757 (6th Cir. 2002). Findings of fact made by the district court are reviewed for clear error. *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994).

The definition for "career offender" in the Guidelines is as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance.

U.S.S.G. § 4B1.1(a). The meaning of the phrase "two prior felony convictions" is found in U.S.S.G. §4B1.2. U.S.S.G. §4B1.1, comment. (n. 1). Under this definition, at least two of the previous felony convictions for a crime of violence must be counted separately under the provisions of U.S.S.G. § 4A1.1(a-c), which assign criminal history points for convictions involving a "prior sentence of imprisonment." U.S.S.G. §§ 4B1.2(c), 4A1.1(a-c). Prior sentences imposed in unrelated cases are counted separately, and prior sentences imposed in related cases are treated as one sentence. U.S.S.G. § 4A1.2(a)(2). "[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3).

Defendant had seven previous convictions for aggravated burglary. On February 24, 2001, defendant and Josh Kolbecki

2

committed an aggravated burglary in Rutherford County, Tennessee. PSR, ¶ 30. On March 5, defendant and Josh Kolbecki committed four aggravated burglaries in Rutherford County, Tennessee. PSR, ¶¶ 28, 31-33. On February 27, 2001, defendant and Josh Kolbecki committed an aggravated burglary in Rutherford County, Tennessee. PSR, ¶ 29. On that same date, defendant, Josh Kolbecki, and April Kolbecki committed an aggravated burglary in Bedford County, Tennessee. PSR, ¶ 34.

The six aggravated burglaries committed in Rutherford County were charged in a single indictment filed in the Rutherford County Criminal Court under Case No. F-50627A. No order of consolidation was entered. The defendant was sentenced on all of these charges on July 13, 2001. A separate judgment and sentence order was entered on each offense, and separate sentences were imposed on each count of conviction. The aggravated burglary committed in Bedford County was charged by indictment filed under Case No. 15017 in the Bedford County Criminal Court. Defendant was sentenced on that charge on May 2, 2002. The probation officer determined that the Rutherford County aggravated burglaries and the Bedford County aggravated burglary constituted at least two prior qualifying felony convictions for crimes of violence, and that defendant was therefore a career offender within the meaning of U.S.S.G. § 4B1.1. PSR, ¶ 19.

Defendant testified at the sentencing hearing that he was accompanied by Josh Kolbecki on all seven burglaries. Jt. Appx., p. 44. Josh's sister, April Kolbecki, was also with them when they committed the burglary in Bedford County. Defendant and Josh did not plan on her participation, but she insisted on coming with them

3

that morning. Jt. Appx., p. 45. Defendant testified that he and Josh committed the burglaries to obtain money and property to finance their drug habits, and that they were both high on marijuana during the burglaries. Jt. Appx., p. 46. He stated that they found houses at random, driving around and smoking pot until they found a house that was secluded. Jt. Appx., pp. 47-48. They would then knock loudly at the doors. If someone answered, defendant would ask for a person or a nearby road. If no one answered, they would kick in the door. Jt. Appx., p. 48.

Defendant agreed with counsel's statement that he and Josh Kolbecki had a "thought-out scheme and plan to do these burglaries." Jt. Appx., p. 50. They used the same method to commit all the burglaries. Jt. Appx., p. 56. However, he also stated that they didn't have a list of houses they had decided to break into. He agreed with the prosecutor's statement that they were living day to day, and that when they ran out of money for drugs, they would break into another house. Jt. Appx., p. 52.

At the sentencing hearing, defense counsel argued that the two aggravated burglaries which occurred on the same date should be considered related because they occurred on the same occasion. He further argued that the aggravated burglaries were related because they were committed as part of a single common scheme or plan. Defense counsel also argued that the offenses in Rutherford County were effectively consolidated for trial, and that since the Bedford County burglary would have been consolidated with the other burglaries but for the fact that it was committed in another county, an "accident of geography," it should also be considered a related case.

4

The district court found that the aggravated burglaries did not occur on the same occasion because they occurred in different counties and on three different dates. Jt. Appx., pp. 65-66. Defendant does not contest this finding on appeal. The district court also found that the Rutherford County burglaries were consolidated for trial or sentencing, but that the Bedford County case was not consolidated with the Rutherford County case. Jt. Appx., p. 67. Finally, the district court found that the offenses were not all part of a single common scheme or plan. Jt. Appx., p. 68. The district court noted defendant's testimony that there wasn't a single plan "to target specific houses and create crimes in a specific way but rather a generalized plan on those days to ride around, find unoccupied houses to break into, steal from the houses, sell the contraband, buy drugs and then consume drugs[.]" Jt. Appx., p. 68. The district court further stated that "there are really three groups of crimes of opportunity" which represented "a crime spree on three different dates, and they are related only to the extent that they all involved the general concept" of breaking into houses to commit thefts. Jt. Appx., pp. 68-69. The court found that this was not sufficient to make the burglaries related cases. Jt. Appx., p. 69.

On appeal, defendant argues that the seven aggravated burglaries were all a part of the same common scheme or plan. He urges the application of the test advanced in *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996). In that case, the Fourth Circuit noted:

> In deciding whether offenses are part of a common scheme or plan, courts have looked to whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive

5

offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography.

*Id.* at 138.

While it is far from clear that the defendant could show error even with respect to this iteration of the relevant factors, the fact remains that this circuit has articulated the list of relevant factors somewhat differently. In this circuit, crimes are part of the same scheme or plan only if the offenses were jointly planned at the inception, or the commission of one offense necessarily required the commission of the other. *Carter*, 283 F.3d at 758; *United States v. Irons*, 196 F.3d 634, 637 (6th Cir. 1999). Offenses are not necessarily a part of the same scheme or plan merely because they were committed within close geographic or temporal proximity, or were part of a crime spree. *United States v. Alford*, 436 F.3d 677, 684 (6th Cir. 2006); *Irons*, 196 F.3d at 638, 640. The mere fact that the offenses were committed using the same *modus operandi*, or were committed to achieve a common goal or similar objective, such as to obtain money to support a drug habit, is also insufficient in itself to render them a part of the same scheme or plan. *See United States v. Horn*, 355 F.3d 610, 614 (6th Cir. 2004); *Irons*, 196 F.3d at 639; *United States v. Cowart*, 90 F.3d 154, 160 (6th Cir. 1996). Defendant bears the burden of establishing that his prior offenses were jointly planned or that the commission of one entailed the commission of the other. *Irons*, 196 F.3d at 639.

The parties dispute whether the district court found that any of the aggravated burglaries were committed as part of a common scheme or plan. The government argues that the district judge

6

found that the offenses were not related by a single common scheme or plan.  The record shows that the district court clearly concluded that the "single common scheme or plan" definition of relatedness did not apply in this case.  At the sentencing hearing, the district judge never specifically found that a single common scheme or plan existed among any of the offenses.[1]  However, defendant notes that during the sentencing hearing, the district court grouped the prior offenses by date into three groups or crime sprees.  He argues that the district court thereby found that all offenses committed on the same date were committed pursuant to a common scheme or plan.  Even if this argument is accepted, defendant is still left with three unrelated groups of offenses, since the district judge never found that the three groups of offenses were related to each other through a single common scheme or plan.

Defendant also argues that the district court should have regarded all of the aggravated burglaries as being functionally consolidated.  This court has held that although a formal consolidation order is not always required for cases to be functionally consolidated for sentencing, *United States v. Hazelwood*, 398 F.3d 792, 797 (6th Cir. 2005), there is no functional consolidation when the offenses proceeded to sentencing under separate docket numbers, the cases were not factually related, and there was no order of consolidation.  *United States v. Carson*, 469 F.3d 528, 531 (6th Cir. 2006); *McAdams*, 25 F.3d at 374.  The fact

---

[1]Defendant also refers to written findings prepared by the district court which allegedly demonstrate that the district court found the aggravated burglaries committed in Rutherford and Bedford Counties on February 27, 2001, to be related.  However, those written findings are not in the record before this court.

7

that judgment was pronounced on the same day on multiple offenses does not establish that the offenses were consolidated. *Carter*, 283 F.3d at 758. There must be "some explicit indication that the trial court intended to consolidate the prior convictions." *Horn*, 355 F.3d at 614.

In the instant case, the district judge found that the Rutherford County aggravated burglaries were consolidated because they were indicted under a single case number. However, in truth, no order of consolidation was entered in the case. Even though sentence was imposed on the same date on all of the Rutherford County burglaries, those sentences were imposed separately on each count. The sentences of incarceration on the aggravated burglary charges were not concurrent sentences. Tennessee does not have a rule regarding consolidation of sentences, and each aggravated burglary conviction would be considered a separate conviction. *See United States v. Mays*, 100 Fed.Appx. 468, 470, 2004 WL 1277033 (6th Cir. 2004).

The record also fails to show that all of the Rutherford County offenses were factually related. The mere fact that defendant occasionally committed burglaries using the same *modus operandi* in order to finance his drug habit does not establish that offenses committed on separate dates, in different locations, and involving different victims were factually related. *See Carson*, 469 F.3d at 532. The record contains no express or implicit evidence that the state court judge intended that the Rutherford County burglaries be consolidated for purposes of sentencing. *See id*.

Regardless of whether the district court correctly concluded

8

that the jointly indicted Rutherford County offenses were consolidated, the district court was correct in concluding that the Bedford County aggravated burglary was not consolidated with the offenses prosecuted in Rutherford County. The Bedford County charge was brought in a different county under a different docket number, and the sentence on that charge was imposed separately on a different date. The sentence imposed in that case was not to be served concurrently with the Rutherford County sentences. There is no evidence of a consolidation order, nor is there any evidence that the state courts intended for the Bedford County charge to be consolidated with the Rutherford County charges. Thus, at the very least, defendant's Bedford County conviction is not related through consolidation to his Rutherford County convictions for purposes of the career offender enhancement.

Defendant argues that the Bedford County charge should be considered as being functionally consolidated with the Rutherford County charges since those charges were prosecuted and sentenced in separate counties only because of an "accident of geography." Defendant relies on *Breckenridge* to support this argument. However, the court in *Breckenridge* used the phrase "accident of geography" in discussing whether offenses were related because they were committed pursuant to a common scheme or plan. *Breckenridge*, 93 F.3d at 138. The gist of the discussion was that the mere fact that offenses are separately prosecuted due to their commission in different counties will not preclude a finding, otherwise supported by the evidence, that the offenses were committed as part of a common scheme or plan. *See also United States v. Houser*, 929 F.2d 1369, 1374 (9th Cir. 1990)(offenses were related where there was

9

significant evidence before the sentencing judge that two drug sales were part of a single common scheme or plan, even though offenses occurred in two different counties and were prosecuted separately), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)).

These cases address the "single common scheme or plan" branch of the relatedness test, not the consolidation branch, and thus they do not support defendant's functional consolidation argument. In *United States v. Rivers*, 929 F.2d 136 (4th Cir. 1991), the Fourth Circuit reviewed the district court's finding that the defendant's prior offenses committed in two separate jurisdictions were related because they would have been consolidated for trial and/or sentencing if both offenses had occurred in the same jurisdiction. The Fourth Circuit held that the district court's finding that the offenses were related because only an accident of geography precluded consolidation for trial and sentencing was clearly erroneous, noting that the offenses were committed in different jurisdictions on different dates, were adjudicated and sentenced separately, and were not consolidated for trial or sentencing. *Id*. at 139-40.[2]

Defendant also urges this court to consider his prior convictions as being related to avoid sentencing disparity. In *Carter*, this court recognized that the use by the various circuits of different tests for interpreting the definition of "common scheme or plan" might undermine the goal of sentencing uniformity

---

[2]Defendant's "accident of geography" theory likewise does not assist defendant's "single common scheme or plan" argument, because defendant has not met his burden of showing that the offenses were jointly planned or that the commission of one offense involved the commission of the others.

sought by the Guidelines, and urged the Sentencing Commission to review U.S.S.G. §4A1.2(a)(2). *Carter*, 283 F.3d at 759-61. Despite these concerns, we are bound by Sixth Circuit precedent to use the standards previously established in this circuit in applying these Guideline provisions. *See United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996).

Finally, defendant argues that we should apply the transitive rule of logic in determining whether his prior convictions are related. Defendant did not make this argument before the district court. Thus, defendant can only prevail on appeal if the district court's failure to employ this rule constitutes plain error. *See United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We are not free to substitute a general rule of logic for the rules of interpretation or application for the relevant guideline provisions previously established in this circuit. However, even if the transitive rule is applied to the facts of this case, it would not assist the defendant. The transitive law in logic is demonstrated by the statement "that if *A* bears some relation to *B* and *B* bears the same relation to *C*, then *A* bears it to *C*." 11 *New Encyclopaedia Britannica*, "transitive law," 897 (15th ed. 2007)(Ready Reference). The rule requires that the nature of the relation be the same in both cases. For example, if A is a full brother of B, and B is a full brother of C, then A must be a full brother of C. However, if A is a half brother of B because they share the same mother, and B is a half brother of C because they share the same father, it does not necessarily follow that A is related to C because the precise nature of the relationship between

11

A and B is different from the nature of the relationship between B and C.

In this case, defendant argues that because the district court found that the Bedford County burglary was related to the Rutherford County burglary committed on the same day due to a common scheme or plan, and further found that the Rutherford County robberies were related because they were consolidated in the same indictment, then the Bedford County burglary must also be related to all of the Rutherford County burglaries. Ignoring for the moment the problems with the district court's findings discussed above, it is apparent that the manner in which the Bedford County burglary is allegedly related to the Rutherford County burglary of February 27, 2001, namely, sharing the same common scheme or plan, is different from the manner in which the February 27th Rutherford County burglary is allegedly related to the other Rutherford County burglaries, specifically, the consolidation of all the Rutherford County burglaries in the same indictment. The Bedford County burglary does not share the same date of commission or a common scheme or plan with the other five Rutherford County burglaries, and it was not included in the same indictment with the Rutherford County burglaries. Since the nature of the alleged relationships between the burglaries is not the same, the transitive rule does not require a finding of relatedness between the Bedford County burglary and the other five Rutherford County burglaries.

For the foregoing reasons, we hold that the district court properly concluded that defendant qualified as a career offender under the Guidelines. The sentence imposed by the district court

12

is hereby AFFIRMED.