**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0330n.06

No. 10-5901

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 23, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| BRODERICK MCNAIR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: Merritt, Rogers, Circuit Judges, and Polster, District Judge.[*]

ROGERS, Circuit Judge. This case is another in the line of problematic cases involving the application of the Fair Sentencing Act in light of *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Defendant Broderick McNair appeals his sentence stemming from his guilty plea to various offenses involving cocaine base. The district court sentenced McNair to 130 months' imprisonment, at the bottom of the applicable Sentencing Guidelines range. Nineteen days later, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 11-220, 124 Stat. 2372 (2010), which lowered the minimum statutory penalties for offenses involving cocaine base. The Sentencing Commission followed with corresponding amendments to the Guidelines's base offense levels. McNair appeals, arguing for the retroactive application of the Fair Sentencing Act, and contending that the district court miscalculated his criminal history category. Although we have concerns about

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

the applicability of the FSA to a sentence that is not yet final, our binding precedent dictates that the Fair Sentencing Act is not retroactive. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Further, the district court properly calculated McNair's criminal history category.

**I.**

On August 12, 2009, McNair pled guilty to conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. McNair admitted that he "cooked" crack cocaine, delivered the crack cocaine to a co-defendant, and drove the co-defendant to various locations for distribution. Presentence Report ("PSR") at ¶¶ 6-10. McNair was responsible for at least 50 grams of cocaine base. *Id.* at ¶ 11.

The PSR assigned McNair a base offense level of 30, based on the stipulated drug quantity. *Id. at* ¶ 16. McNair received a three-level reduction for acceptance of responsibility, resulting in a base offense level of 27. *Id.* at ¶¶ 22-23. The PSR assigned McNair fourteen criminal history points, placing him in a criminal history category of VI. *Id.* at ¶ 52. Based on this, McNair faced a Guidelines range of 130 to 162 months' imprisonment, and a statutory minimum sentence of ten years' imprisonment. *Id.* at ¶ 85.

In response, McNair moved to continue the sentencing hearing based on then-pending legislation regarding crack-cocaine offenses. R. 111. The district court continued sentencing until December 19, 2009, but otherwise denied the motion. R. 114. The district court explained that the mandatory minimum sentence had not yet been amended, and it would not indefinitely await all pending legislation. *Id.* at 2. Further, the district court found waiting for the passage of FSA was

unnecessary because the court already had the discretion to reject and vary from the guidelines ranges for crack-cocaine. *Id.* The district court concluded: "the Court will not continue the sentencing in this matter in light of the pending bill in Congress. Until a bill does pass and becomes law, the Court will follow the law as it is presently in this circuit." *Id.* at 2.

On December 16, 2009, McNair filed a sentencing memorandum challenging the PSR's calculation of his criminal history category. McNair argued that three offenses for which he was sentenced on December 19, 1996, were functionally consolidated because the offenses were resolved in a single day with a single plea agreement. For the same reason, McNair argued that the two offense for which he was sentenced on October 26, 1999, were functionally consolidated. At sentencing, the district court addressed McNair's criminal history category calculation:

> [W]hile the court notes that a formal order of consolidation is not required, the Sixth Circuit in *United States v. Horn*, [355 F.3d 610 (6th Cir. 2004),] has stated that absent an explicit indication that the trial court intended to consolidate the prior convictions, similar treatment of convictions for sentences imposed on the same day, for different offenses, is insufficient to sustain a finding of consolidation.
>
> Moreover, as noted by counsel for the government, under the Guideline provision under which the defendant's criminal history points are determined, Sentencing Guideline § 4A1.2(a)(2), if prior sentences are separated by an intervening arrest, such are to be considered separate sentences and counted separately.
>
> Accordingly, . . . the facts and circumstances of the defendant's prior convictions do not warrant a finding of functional consolidation. Given that the defendant's prior sentences were for events separated by intervening arrests; the [cases] proceeded to sentencing under separate docket numbers; there was no order of consolidation or other indication that the sentencing judge regarded the cases as

consolidated; and that the offenses were not factually related, the defendant's objection to the presentence report will be overruled.

R. 136, Sentencing Hr'g Tr. 4-5. McNair then reiterated a request for a downward departure, emphasizing that the Senate had passed a version of what would become the FSA, in which the applicable statutory minimum would be reduced to five years' imprisonment. *Id* at 9-10. However, McNair did not request a continuance on that basis. *Id.* The government requested that McNair be sentenced within the Guidelines range of 130 to 162 months. *Id.* at 11-12.

The district court then balanced the § 3553(a) factors, rejected McNair's reasons for downward departure, and sentenced McNair to 130 months' imprisonment. *Id.* at 14-28. When asked, McNair stated that he did not have any additional objections. McNair timely appealed.

## II.

*1.    Fair Sentencing Act*

The FSA does not apply retroactively to reduce McNair's sentence. At the time McNair was sentenced, he faced a mandatory ten-year minimum term under 21 U.S.C. § 841, because his offense involved over 50 grams of cocaine base. On August 3, 2010, the President signed the FSA, which increased the amount of cocaine base necessary to trigger the mandatory ten-year minimum from 50 grams to 280 grams. Pub. L. No. 11-220, 124 Stat. 2372 (2010). The Sentencing Commission subsequently realigned the base offense levels to conform to this revised statutory penalty. Under this new alignment, an offense involving between 28 grams and 280 grams is subject to a five year mandatory minimum. *See* 21 U.S.C. § 841(B)(iii). McNair asks the court to retroactively apply the FSA and the revised Guidelines to his sentence.

McNair's request cannot be granted in light of the "general savings statute," 1 U.S.C. § 109, which governs the retroactive application of statutes that release or extinguish a penalty. The statute "requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Carradine*, 621 F.3d at 580. In *Carradine*, we held that defendants who are convicted and sentenced before the enactment of the FSA are not eligible for a reduction in sentence under the Act. *Id.* We noted that the FSA "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *Id.* Because *Carradine* is a prior published opinion of this court, we are bound by its pronouncement regarding the non-retroactivity of the FSA, and McNair's challenge fails.

It bears noting that ten other circuits have considered this question and held that the FSA is not retroactive to persons in McNair's position. *See, e.g., United States v. Goncalves*, No. 10-1367, 642 F.3d 245, 252-255 (1st Cir. 2011); *United States v. Acoff*, 634 F.3d 200, 202-03 (2d Cir. 2011)( per curiam); *United States v. Reevey*, 631 F.3d 110, 113–15 (3d Cir. 2010); *United States v. Wilson*, 401 F. App'x 760, 762 (4th Cir. 2010) (per curiam); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Bell*, 624 F.3d 803, 814–15 (7th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir.2010); *United States v. Hall,* 403 F. App'x 214, 217 (9th Cir.2010); *United States v. Lewis,* 625 F.3d 1224, 1228 (10th Cir.2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir.2010) (per curiam).

McNair makes no attempt to distinguish *Carradine*. Instead he argues that *Carradine* does not apply to defendants whose offense predates the enactment of the FSA but who were sentenced

afterwards (so-called "straddle cases"). The Supreme Court recently granted certiorari on this very

issue in *Hill v. United States*, No. 11-5721, 2011 WL 3472365, at *1 (Nov. 28, 2011) and *Dorsey*

*v. United States*, No. 11-5683, 2011 WL 3422126, at *1 (Nov. 28, 2011). Both of those cases

involve defendants that have been sentenced after the effective date of the FSA. As discussed above,

McNair's case is not a straddle case: both his offense and sentence predate the enactment of the FSA.

Therefore, we need not decide whether the FSA applies to straddle cases.

McNair's reliance on a district court case from Maine does not compel a different conclusion

because that case only addresses straddle cases. *See United States v. Douglas*, 746 F. Supp. 2d 220

(D. Me. 2010). The *Douglas* court held that the FSA applied to a defendant whose offensive conduct

preceded the Act's enactment, but whose sentencing occurred afterward. *Id.* at 221. The court

recognized that Congress had debated "whether the new penalties [in the FSA] should apply

retroactively to those already sentenced and in prison . . . . The decision was no." *Id.* at 224. The

*Douglas* court was not concerned with such defendants, but instead worried about the inequity of

applying the pre-FSA sentencing structure to straddle cases. The court determined that the revised

penalties applied to all post-FSA sentencings, reasoning that the FSA's purpose of reestablishing

"fairness" would be undercut were judges to "*continue* to impose new sentences that are not 'fair'"

going forward. *Id.* at 229 (emphasis in original). In light of *Carradine*, *Douglas* does not apply to

a defendant, such as McNair, sentenced before the FSA was enacted.

Further, the district court did not abuse its discretion when it denied McNair's motion for a

continuance of sentencing. We review the denial of a motion for a continuance for abuse of

discretion. *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir.2009). The district court's decision not to grant a continuance was not unreasoned or arbitrary. Defendant requested the court to continue the sentencing hearing indefinitely, based on then-pending legislation regarding offenses involving crack cocaine. The court ultimately denied the motion, reasoning that Congress had not yet amended 21 U.S.C. §841 and that the court already had discretion, under *Kimbrough v. United States*, 552 U.S. 85 (2007) to vary from the crack-cocaine sentencing guidelines based on a policy disagreement with the guidelines. Further, the court noted its authority to vary from the Guidelines to impose a sentence that was fair and reasonable under 18 U.S.C. §3553(a). R. 114. This was not an abuse of discretion because the district court was not required to forecast potential future legislation when deciding the motion. *See Anderson v. Wilson*, 289 U.S. 20, 27 (1933). In fact, at the time the motion was decided, the FSA was still nine months away from being adopted. Further, as the district court noted, it was not necessary to await the result of the FSA legislative process because the district court already possessed the power to consider the inequity of the crack–cocaine guidelines. For these reasons, it was reasonable for the district court to deny the motion for a continuance.

2.      *Criminal History Category*

The district court correctly calculated McNair's criminal history category. McNair claims that a number of his prior convictions were "functionally consolidated" into two sentences, which would have reduced his criminal history points and category. McNair is wrong. The Guidelines mandate the method by which a district court calculates a criminal history for a defendant with

multiple prior sentences. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).

Under this standard, the offenses for which McNair was sentenced on December 19, 1996, were separate offenses. As set forth in the presentence report, McNair was arrested on September 16, 1996 for driving with a suspended licenses. PSR at ¶ 34. Two months later, on November 5, 1996, he was again arrested and charged with driving with a suspended license, as well as fleeing and criminal trespass.[1] *Id.* at ¶ 35. On December 6, 1996, McNair was arrested for simple possession of a controlled substance. *Id.* at ¶ 37. On December 19, 1996, McNair pled guilty to these offenses. McNair admits that "these offenses were separated by arrests, occurred on different dates, and were charged under separate docket numbers." Appellant Br. 27. McNair also admits there was no formal consolidation order. However, McNair contends that the cases were "functionally consolidated" because he entered into a universal plea agreement to serve all of these sentences concurrently. Although we have acknowledged that consolidation can occur absent a formal consolidation order, *United States v. Hazelwood*, 398 F.3d 792, 798 (6th Cir. 2005), "this court has consistently held that there is no functional consolidation 'when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation.'" *United States v. Atkinson*, 354 F. App'x 250, 253 (6th Cir. 2009) (quoting *United*

_____

[1] The Presentence Report counted these offenses, on November 5, 1996, as one offense when calculating McNair's criminal history category. PSR at ¶ 35. McNair does not challenge this determination.

*States v. Carson*, 469 F.3d 528, 531 (6th Cir. 2006)). McNair's offenses were separated by arrests, proceeded to sentencing under separate docket numbers, the cases were not factually related, and there was no order of consolidation. Thus, McNair's offenses for which he was sentenced on December 19, 1996, were not formally or functionally consolidated.

Similarly, the three offenses for which McNair was sentenced on October 26, 1999, were separated by intervening arrests. Defendant was arrested for being a habitual motor vehicle offender on February 10, 1997, July 14, 1998, and July 21, 1998. PSR ¶ 38, 40, 41. The offenses occurred over a period of seventeen months, were separated by arrests, were charged in separate indictments, and had separate case numbers. *Id.* Further, although McNair was sentenced for all three offenses on October 26, 1999, he received consecutive sentences. This demonstrates that the state court did not consider the offenses to be functionally consolidated into one offense. Accordingly, the district court properly calculated McNair's criminal history category.

**III.**

The district court's order imposing McNair's sentence is affirmed.

We note that, subsequent to the briefing in this case, the Sentencing Commission has retroactively applied the amendments to the Drug Quantity Table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. § 1B1.10(a),(c). Under these revised Guidelines, McNair's Guidelines range would have been below the applicable 120-month statutory minimum. We take no position whether this requires re-sentencing, and the issue would be best considered after the district court had the opportunity to consider a motion under 18 U.S.C. § 3582.