NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0069n.06
Filed: January 30, 2009

No. 07-3308

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| EMMITT F. SMITH, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

**BEFORE**: **SUHRHEINRICH, GILMAN and WHITE**, **Circuit Judges.**

**WHITE, CIRCUIT JUDGE.** Appellant Emmitt F. Smith appeals a district court judgment sentencing him to seventy months' imprisonment and three years' supervised release entered upon his plea of guilty of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Smith challenges the reasonableness of the sentence, asserting that the court's computation under the sentencing guidelines overstated his criminal history and that a subsequent amendment to the applicable guideline demonstrates that the overstatement of his criminal history resulted in an excessive sentence. We AFFIRM.

I.

Emmitt Smith, a convicted felon, was arrested after federal agents observed him purchase an AK-style assault rifle at a gun show. Smith was charged with violating 18 U.S.C. 922(g)(1), and ultimately entered a plea of guilty without the benefit of a plea agreement.

Smith's presentence report (PSR) determined that he had a base offense level of twenty-four under the sentencing guidelines, and that three levels should be subtracted based on his acceptance of responsibility, resulting in a total offense level of twenty-one. The PSR assessed Smith eight

1

points for his criminal history based on the following calculations: one point for a 2001 marijuana possession conviction for which Smith was fined $50; one point for a 2003 drug possession conviction for which Smith was fined $50; two points for a 2004 aggravated theft conviction for which Smith was sentenced to ten months' imprisonment; two points for a 2004 drug trafficking conviction for which Smith was sentenced to ten months' imprisonment to run concurrent with the ten-month theft sentence; and two points for a 2004 drug trafficking conviction for which Smith was sentenced to six months' imprisonment, to run concurrent with Smith's two ten-month sentences. Two more points were added because the offense occurred less than two years after Smith's release from custody, resulting in a total of ten criminal history points, placing him in Category V. Smith's corresponding guideline range was seventy to eighty-seven months of imprisonment. Had Smith's criminal history been just one point lower, he would have been in Category IV, where the range for his offense level is 57 to 71 months.

At his sentencing hearing, Smith argued that the 2004 aggravated theft and drug-trafficking convictions were related and should be considered as one sentence, resulting in a lower criminal history category, because there was no intervening arrest and both charges were before the same judge who sentenced Smith at the same time to two ten-month sentences to run concurrently. In the alternative, Smith asserted that even if the convictions were not technically related, the circumstances favored a lower sentence. The district court rejected these arguments, scored Smith's criminal history as recommended in the PSR, and sentenced Smith to 70 months' imprisonment.

## II.

As a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory, rather than mandatory, and appellate review of a sentencing decision is limited to determining whether the sentence is reasonable under an abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 594 (2007). This court's review is two-tiered: the court must review for both procedural and substantive error.

A sentence may be procedurally unreasonable if the district court fails to calculate, improperly calculates, or fails to consider, the applicable guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the court deems an appropriate sentence without such required consideration. *United States v. Jones*, 489 F.3d 243, 250-51 (6th Cir. 2007). In addition, when "a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006).

A sentence may be substantively unreasonable where the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). This court has applied "a rebuttable presumption of reasonableness" to sentences falling within the applicable guidelines range. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). District courts are charged with imposing "a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing in § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (internal quotation marks omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597.

III.

On appeal, Smith challenges the reasonableness of his sentence on the same bases as below, and further asserts that the unreasonableness of his sentence is underscored by an amendment to U.S. Sentencing Guidelines Manual § 4A1.2(a)(2), effective November 1, 2007, which altered the criteria for assessing points for prior sentences. Section 4A1.2(a)(2) of the 2006 guidelines, in effect at the time Smith was sentenced, stated:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §4A1.1 (a), (b), and (c).

Application Note 3 defined "related" cases:

> *Related Cases.* Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. . . . Otherwise, prior sentences are considered related if they resulted from offenses that (a) occurred on the same occasion, (b) were part of a single common scheme or plan, or (c) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and danger he presents to the public.

Subsequent to Smith's sentencing, § 4A1.2(a)(2) was amended, and under the current version of that section, two of Smith's prior sentences would be treated as a single sentence because there was no intervening arrest and they were imposed on the same day.[1] As a result, Smith's criminal history category would be lower, resulting in a lower guideline range.

This court reviews a sentence under the version of the guidelines in effect at the time of sentencing. A subsequent revision to the guidelines may be applied on review if it merely clarifies

---

[1] § 4A1.2(a)(2) now provides:

If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Application Note 3 now reads, in pertinent part:

*Upward Departure Provision.*– Counting multiple prior sentences as a single sentence may result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that the defendant presents to the public. In such a case, an upward departure may be warranted.

the law in existence at the time of sentencing, as opposed to working a substantive change in the law. *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007). Here, Smith does not argue that the amendment to §4A1.2 was clarifying, and courts that have considered this question have found the amendment substantive. *United States v. Wood*, 526 F.3d 82, 88 (3rd Cir. 2008); *United States v. Marler*, 527 F.3d 874, 878 (9th Cir. 2008). Accordingly, in evaluating the reasonableness of Smith's sentence, we apply the version of the sentencing guidelines in effect at the time of sentencing.

There is no dispute that the calculation of Smith's sentence under the 2006 guidelines was correct and that his sentence was within the guideline range. In addition, the record establishes the absence of procedural or substantive sentencing error. The district court recognized its responsibilities under § 3553(a), noted that the sentencing guidelines are now advisory, and stated that it had read Smith's PSR and listened to the arguments of counsel. The court carefully reviewed and weighed the relevant information provided by the parties and the probation office before declining to treat the prior sentences as a single sentence.[2] The court also noted the seriousness of Smith's crime and his prior criminal history. Thus, the record establishes that the district court considered Smith's personal history along with the characteristics, nature, and circumstances of his offense as required by § 3553(a), and did not abuse its discretion.

Accordingly, we affirm the district court's judgment.

---

[2]In response to Smith's argument that two of his prior convictions were "related" under § 4A1.2(a)(2), the court stated:

> The fact that the court sentenced both crimes, sentenced the defendant for the conviction on both crimes on the same date, is one factor, and the fact that he chose to run the sentences concurrent is a factor, although that isn't a determinative factor. I think the critical thing is whether we have one offense or a common offense or common scheme, or two, and it's clear we've got two, and about a month apart. So I believe these are two separate offenses, and that the defendant's criminal history category V is accurate as detailed in the [PSR].