NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0765n.06

No. 07-2144

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

WHITNEY ATKINSON,

    Defendant-Appellant.

**FILED**
**Dec 03, 2009**
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Western District of Michigan
at Grand Rapids

_____/

**Before:**    **GUY, CLAY, and WHITE**, Circuit Judges.

**PER CURIAM.**    Defendant Whitney Atkinson pleaded guilty to two firearm

offenses and was sentenced as a career offender to a total of 240 months' imprisonment.  On

appeal, defendant challenges the career offender designation and argues that he was denied

effective assistance of counsel.  The government moves to dismiss the appeal based on the

waiver of rights contained in defendant's written plea agreement, while defendant argues that

the waiver was not knowing and voluntary, was not effective, or should not be enforced.

Finding that the circumstances call into question the waiver of appeal, we deny the motion

to dismiss and remand for resentencing consistent with this opinion.

**I.**

On November 21, 2006, officers conducting surveillance in an area of known drug

activity in Kalamazoo, Michigan, observed defendant make what appeared to be hand-to-hand drug sales. When defendant drove away, he was followed and stopped for a traffic violation. A search of defendant's person revealed a loaded .45 caliber handgun in his waistband, which an officer took as defendant broke away and fled. When defendant was apprehended, two bags containing 6.27 grams of crack cocaine were found in his sweatshirt pocket. A three-count indictment charged defendant with possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c).

Defendant initially agreed to plead guilty to the two firearms counts in exchange for dismissal of the drug charge and a three-level reduction in the offense level for acceptance of responsibility. The first change of plea hearing was adjourned to allow the government to address whether there was sufficient factual basis for the plea on the § 924(c) charge. At a continued hearing three days later, satisfied with the factual basis, the magistrate judge engaged defendant in a colloquy concerning the plea agreement. However, defendant questioned the value of the plea deal, decided not to plead guilty at that time, and requested new counsel. A month later, on May 15, 2007, defendant pleaded guilty before a different magistrate judge and with new counsel pursuant to a plea agreement, which left open the guideline determination and contained a waiver of the right to appeal "any sentence which is at or below the maximum of the guideline range as determined by the Court," as well as waiver of "the right to challenge such a sentence and the manner in which it was determined

in any collateral attack[.]"  The magistrate judge reviewed the plea agreement, including the

waiver of appeal rights; found defendant's guilty pleas were knowing and voluntary; and

recommended that the guilty pleas be accepted.  The district court accepted the

recommendation on June 4, 2007.

The presentence report classified defendant as a career offender based on the

determination that his prior sentences in two state cases would count separately under USSG

§ 4A1.2(a)(2) (2006).  Defendant objected, but the district court found that the two prior

sentences were not related because, while not separated by an intervening arrest, they did not

result from offenses that were "consolidated for trial or sentencing."  USSG § 4A1.2, cmt.

n.3 (2006).[1]  The career offender designation resulted in an offense level of 34, a criminal

history category of VI, and a sentencing guidelines range of 262 to 327 months.[2]  After

addressing the relevant sentencing factors under 28 U.S.C. § 3553(a), the district court

sentenced defendant to consecutive 120-month terms of imprisonment on counts 2 and 3,

respectively.  Defendant appealed, and the government filed a motion to dismiss in reliance

on the waiver of appeal in the plea agreement.

## II.

Defendant seeks to avoid the express waiver of the right to appeal his sentence so that

---

[1]Defendant pleaded guilty to:  (1) armed robbery and assault with intent to do great bodily harm less than murder committed on November 13, 1990 (Docket No. D90-1346-FC); and (2) armed robbery and felony firearm committed on October 4, 1990 (Docket No. D90-1469-FC).  He had only recently been released from custody after serving more than 15 years of the state sentences when he was arrested in this case.

[2]Had defendant established that the prior sentences were related, the guidelines range would have been 30 to 37 months on count 2, and a mandatory minimum consecutive term of 60 months on count 3 (for a total of 90 to 97 months).

he may challenge the career offender designation and assert a claim that he received ineffective assistance of counsel at sentencing. We review *de novo* the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). A waiver of appeal rights may be challenged on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Although not at issue here, we have also held that an appellate waiver does not preclude an appeal asserting that the statutory maximum has been exceeded. *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006).

A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). Defendant argues that his waiver of the right to appeal was not knowing and voluntary because the sentencing consequences of his career offender status were not explained to him. In particular, defendant emphasizes that when he pleaded guilty on May 15, 2007, the magistrate judge asked if there were matters of aggravation or mitigation that should be discussed. Counsel for the government indicated that it appeared from her own calculations that defendant would qualify as a career offender and that she had not raised the issue with defendant's new counsel to determine whether defendant would stipulate to being a career offender. Defense counsel responded that defendant would not stipulate at that time. Despite a potential objection to a career-offender designation, it is not clear that defendant understood the implication of such designation for the guidelines

calculations or that the waiver of appeal would preclude appellate review of such a determination. Under the circumstances, including uncertainty about whether defendant would plead guilty, the recent change in counsel, and only passing reference to the career offender issue at the time the plea was taken, we are not satisfied that the waiver of the right to appeal was knowing and voluntary.

Defendant argues, as he did in the district court, that his two prior sentences were "related" because the cases were functionally consolidated for trial or sentencing, and, therefore, they should not count separately for career offender purposes. Whether prior sentences were functionally consolidated is an inherently fact-specific determination that is reviewed for clear error. *Buford v. United States*, 532 U.S. 59, 66 (2001). Although we have said that a formal consolidation order is not required before cases may be considered functionally consolidated, *United States v. Hazelwood*, 398 F.3d 792, 798 (6th Cir. 2005), this court has consistently held that there is no functional consolidation "when offenses proceed to sentencing under separate docket numbers, cases are not factually related, and there was no order of consolidation." *United States v. Carson*, 469 F.3d 528, 531 (6th Cir. 2006) (internal quotation marks and citations omitted).

Defendant had two prior sentences, which arose out of charges that he committed four armed robberies (and associated assault and firearm offenses) in October and November 1990. The offenses were not separated by an arrest, occurred on different dates, and were charged under separate case numbers. That a defendant was sentenced on the same day to concurrent sentences under separate case numbers has been found not to be sufficient to

show "some explicit indication that the trial court intended to consolidate the prior convictions." *United States v. Horn*, 355 F.3d 610, 614 (6th Cir. 2004); *see also Carson*, 469 F.3d at 531. Here, defendant argues, there was more. Specifically, defendant entered into a universal plea agreement covering all four cases, which provided for guilty pleas in two of the cases and dismissal of the other two cases. Moreover, the trial judge ordered that a single presentence report be prepared covering all four cases before the universal plea agreement was accepted. These circumstances, which the district court characterized as "bizarre," present a closer case than most for finding functional consolidation.

This is coupled with defendant's other assertion that counsel was ineffective for failing to argue either for application or at least consideration of the amendment to § 4A1.2, which eliminates altogether the "relatedness" inquiry from the determination of whether to count prior sentences separately. There seems to be no dispute that, had defendant been sentenced after November 1, 2007, the effective date of the amendment to § 4A1.2(a)(2), the prior sentences would not have counted separately and defendant would not have qualified as a career offender. USSG App. C, amend. 709 (2007). While it appears that this amendment will be found not to have retroactive application, adoption of this change is something that the district court could have considered in its discretion. *See United States v. Smith*, 307 F. App'x 966 (6th Cir. 2009) (noting that other circuits have held Amendment 709 does not apply retroactively). It was not raised, however, and nothing in the record reveals whether its consideration might have resulted in a different sentence. This is a rare case in which we believe the best course of action is to remand for resentencing to allow

further consideration by the district court in the first instance.  To the extent defendant's ineffective assistance of counsel claims are not mooted by this disposition, they are best addressed in a 28 U.S.C. § 2255 proceeding.  *United States v. Watkins*, 509 F.3d 277, 283 (6th Cir. 2007).

The motion to dismiss the appeal is **DENIED**, the sentence is **VACATED**, and the case is **REMANDED** for resentencing consistent with this opinion.