**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0256n.06

No. 11-1906

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 12, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TOMAS JIMENEZ, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Tomas Jimenez appeals the district court's judgment of conviction and sentence.

Jimenez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). The district court determined that Jimenez's base offense level was eight. The court added 16 levels under USSG § 2L1.2(b)(1)(A) because Jimenez was previously deported after being convicted of committing lewd acts upon a child, which qualified as a crime of violence. The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of 21. Based on the total offense level of 21 and a criminal-history category of I, Jimenez's guidelines range of imprisonment was 37 to 46 months. In July 2011, the district court sentenced Jimenez to 37 months in prison.

On appeal, Jimenez argues that his sentence was procedurally unreasonable because, during the sentencing hearing, the district court failed to consider a proposed amendment to the sentencing guidelines that subsequently went into effect in November 2011. According to Jimenez, because his prior conviction occurred in 1991 and did not result in the assessment of criminal-history points, the guidelines amendment would have reduced the sixteen-level enhancement under § 2L1.2(b)(1)(A) to twelve levels and reduced his ultimate guidelines range to 24 to 30 months. Jimenez also argues that his sentence was substantively unreasonable because it was based in part on an offense-level enhancement that is now considered excessive by the Sentencing Commission.

We review a sentence "under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc).

No. 11-1906
*United States v. Jimenez*

The district court did not abuse its discretion in imposing Jimenez's sentence. The sentence was not rendered procedurally unreasonable by the district court's failure to address the proposed amendment to § 2L1.2(b)(1)(A) because Jimenez did not raise the issue during the sentencing hearing, the court was not obligated to consider it *sua sponte*, and Congress did not later make the amendment retroactive. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); USSG § 1B1.11(a). Contrary to Jimenez's argument, the cases he cites allow consideration by the district court of the pending amendments to the guidelines but do not establish an obligation for the district court to apply those amendments. *See United States v. Taylor*, 648 F.3d 417 (6th Cir. 2011); *United States v. Atkinson*, 354 F. App'x 250 (6th Cir. 2009). Because Jimenez's sentence was based on a sentencing range that was properly calculated under the guidelines in effect at the time of his sentencing, he has not overcome the presumption that his sentence was substantively reasonable. *See United States v. Massey*, 663 F.3d 852, 861 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 2761 (2012).

Accordingly, we affirm the district court's judgment.