**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0030n.06

**No. 19-2236**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 14, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| NAKEYSHA WISDOM | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    BOGGS, SUTTON, and NALBANDIAN, Circuit Judges

BOGGS, Circuit Judge.  Defendant Nakeysha Wisdom appeals her 70-month sentence for conspiracy to commit health-care fraud.  Although her plea agreement contained an appeal waiver, Wisdom argues that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N) by failing to properly explain the waiver and confirm she understood it.  Because the plea agreement's text is clear and the district court's explanation was comprehensive, Wisdom's waiver of her appellate rights is valid.  We therefore dismiss her appeal.

We review de novo whether a defendant waived her appellate rights in a valid plea agreement.  *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).  If a defendant did not object at her plea hearing, we review for plain error her later challenge that the plea colloquy violated Rule 11(b)(1)(N).  *Ibid.*

A defendant may waive any right, including the right to appeal, through a valid plea agreement.  *See United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012).  An appeal waiver is

enforceable if it was "knowing and voluntary." *Ibid*. To ensure that a defendant knows what rights she is waiving, "the court must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).

If a defendant waives her appellate rights, she may challenge the waiver "on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quoting *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009)). If a district court misstates the scope of an appellate waiver, it fails to comply with Rule 11(b)(1)(N). *See United States v. Melvin*, 557 F. App'x 390, 393–96 (6th Cir. 2013). If there is an initial correct statement of the waiver, a second, misstated explanation that expands the permissible bases for appeal may inadvertently create an exception to the written waiver. *See Detloff*, 794 F.3d at 593.

Here, Wisdom's plea agreement contained an unambiguous waiver of her right to appeal her sentence on any grounds, unless the sentence exceeded 87 months. At her plea hearing, Wisdom stated that she reviewed the terms of the agreement with her attorney and voluntarily accepted them. The district court generally summarized the waiver and explained that Wisdom could not appeal a sentence "contemplated" by the plea agreement, meaning at or below 87 months. Wisdom confirmed that she understood.

Wisdom now argues that the district court failed to ensure that she understood the appeal waiver because it made an ambiguous statement. The court explained that, after it heard arguments regarding Wisdom's proper Guidelines range, it would come to its own decision that could be higher than what the parties agreed upon. It explained that if "it's a tougher sentence than [she]

had contemplated," she "probably do[es] have the right then to appeal the sentence calculation and so forth because it's beyond what [she] contemplated . . . ."

Yet this statement is only ambiguous when read in a vacuum. Earlier in the plea colloquy, the district court clearly referred to the Sentencing Guidelines range in Wisdom's plea agreement as her "contemplated" sentence. The court explained that she could not appeal a "sentence that is as contemplated here, and there's a specific number of months, 87 months that's identified here." The court continued that Wisdom could not appeal a sentence "that is at or below [her] contemplated sentencing range," to which the prosecutor confirmed "87 is the correct number . . . ." Then the court again stated that she could not appeal a "sentence that is contemplated by [her] Rule 11 agreement, it's already been noted, it's been mentioned, and methodology has been identified."

We have previously held that a district court can expand a defendant's right to appeal beyond the limited circumstances allowed by the waiver in the written plea agreement if, during the plea colloquy, it follows an initially accurate explanation with a contradictory one. *See, e.g.*, *Detloff*, 794 F.3d at 593. But here, Wisdom confirmed her understanding of an initial accurate statement, and there is nothing in the record suggesting that any subsequent statement interfered with that understanding. At most, there was an additional ambiguously worded reiteration. Because the district court did not misstate Wisdom's appellate rights or create an exception to her appeal waiver, she waived her right to contest her 70-month sentence on appeal.

Accordingly, we **DISMISS** Wisdom's appeal.